No. 9917.

HISE v. THE ROMEO STORES COMPANY.

Decided July 5, 1921.

Action for damages because of the alleged failure of warranty of the variety of seed potatoes.    Judgment for defendant.

*Reversed.*

1. APPEAL AND ERROR—*Sufficiency of Evidence.*  Where there is competent evidence to support a verdict based on conflicting testimony, the judgment will not be disturbed on the ground of insufficient evidence.

2. VENDOR AND VENDEE—*Seed—Warranty.*  A dealer is responsible for breach of contract when he sells a thing as being of a particular kind if it does not answer the description, the vendee not knowing whether the vendor's representations are true or false, but relying upon them as true.

*Error to the District Court of Conejos County, Hon. Jesse C. Wiley, Judge.*

Mr. CULVER A. GREEN, Mr. ALBERT L. MOSES, for plaintiff in error.

Mr. RALPH L. CARR, for defendant in error.

*Department Three.*

MR. JUSTICE BURKE delivered the opinion of the court.

THE parties plaintiff and defendant in the trial court occupy the same relative position here.  Plaintiff, a farmer, bought of defendant, a dealer, approximately 10,000 pounds of potatoes, advertised, sold, and purchased as "early Ohio seed potatoes."  Plaintiff knew at the time that said potatoes were not then in defendant's possession, but were to be shipped to it from a grower in an adjoining county. The price was $228 of which sum $200 was paid prior to

delivery.   The potatoes were delivered, planted, tended, and harvested, whereupon plaintiff, contending that they were not of the variety as represented, and that he had thereby been damaged in the sum of $1800, brought this action.   The cause was tried to a jury which returned a verdict for defendant for $28.00, the unpaid balance on the purchase price.   To review the judgment entered thereon plaintiff sued out this writ, assigning thirty-three alleged errors of the trial court.   His counsel correctly say in their reply brief that but two questions need here be considered:

"1. Was there any competent evidence upon which the verdict and judgment may rest?   2. Did the court properly instruct the jury as to the law applicable to the facts so that if the jury found on the question of fact in favor of plaintiff's contentions it would render a verdict for him?"

1.   Many farmers and one expert testified on each side of this case and there is much conflict in the evidence, both as to the variety of the potatoes and the alleged damage. The experts themselves, clearly qualified and not shown to be interested or biased, were unable to agree as to the variety of plaintiff's sample introduced in evidence, and plaintiff could scarcely be presumed to have selected for that purpose potatoes which might easily be mistaken for early Ohios instead of those easily distinguishable.   The jury might well have believed, from the evidence, that by far the greater portion of the potatoes in question were early Ohios, and that as to the remainder no damage was proved. The judgment cannot be disturbed on the ground of insufficient evidence.   *Hallack, et al. v. Stockdale, et al.,* 14 Colo. 198, 23 Pac. 340.

2.   Exception was reserved to the giving and refusal of several instructions.   In our opinion it is necessary for us to consider but one.   No. 13, which was given, reads:

"You are instructed that the law makes a distinction on the sale of seeds between the liability of a producer and that of a mere dealer and where a producer will be held under an implied warranty that the seed is of a kind suitable for planting the dealer is only held to honesty and fair

dealing and where the dealer has no greater knowledge of the seed than the purchaser and merely repeats what he has been told by the person from whom he purchased, no warranty as to kind or variety is imported. And if you find from the evidence that the defendant was not the producer of the seed sold to plaintiff, had never seen the seed and merely told the plaintiff what he had been told regarding the same, then the defendant is not liable as for breach of warranty."

If the jury concluded from the evidence (as it well might) that the potatoes were not early Ohios and that plaintiff had been damaged by reason thereof, it may still have found for defendant on the ground that defendant was a dealer, not a producer, had no greater knowledge of the variety than the plaintiff, and had merely repeated what had been asserted by the producer, as set forth in said instruction. If so the verdict must be set aside because the instruction is erroneous.

That plaintiff and defendant had equal opportunity to know the variety of the seed, that neither in fact knew anything about it, and that plaintiff relied upon defendant's representations, we think not open to question under the evidence. That defendant was not guilty of intentional fraud or misrepresentation is undisputed.

We need go no further in the instant case than to determine the rule (and if there be a conflict of authority the better rule) applicable in cases like that before us where the seed in question can not always be distinguished by inspection. Under such circumstances it seems generally recognized (although there are authorities to the contrary) that an affirmation of the seller constitutes a warranty and ignorance on his part is immaterial. 24 R. C. L. p. 175, sec. 448. From Sec. 449, id., the trial court seems to have obtained the rule laid down in the instruction complained of:

"Where the seller disavows any knowledge of the kind or variety, merely repeating what he had been told by the

person from whom he purchased, no warranty as to kind or variety is to be imported."

Omitting from the instruction, however, the very important qualification of the seller's disavowal of knowledge and the total lack of evidence thereof.

The reason for the rule is very apparent. The kind and variety of the seed being indistinguishable by inspection the seller alone can have knowledge of the source and reliability of his information. If he elects to repeat this as a fact and take the advantage of a sale based thereon, a warranty should be implied should the statement prove false. The buyer purchases upon the faith of the seller's representation, not upon any representation made by the seller's vendor.

"That rule is just. It holds a dealer responsible for breach of contract when he sells a thing as being of a particular kind, if it does not answer the description, the vendee not knowing whether the vendor's representations are true or false, but relying upon them as true. There is no good reason why a dealer should be permitted to exhibit seed to his customers, asserting it to be rape seed when it is something else, and then protect himself from the consequences of his falsehood by a plea of ignorance." Hoffman v. Dixon, 105 Wis. 315, 318, 81 N. W. 491, 76 Am. St. Rep. 916.

The latest authority on this subject is peculiarly applicable and comes from a jurisdiction where a correct determination of the rule is of the most vital importance.

"Where the circumstances are such as to amount to a representation of fact on the part of the vendor that an article sold is of a particular kind or description, as, for instance, where the buyer in terms asks for a particular kind, and the seller purports to comply with his request, it was said that 'he would probably be held to warrant the article as being of that kind, although he may not have made any declaration in words to that effect.' * * * No charge of bad faith is made herein, but, on the contrary, the court found and the parties admit that there was no

such bad faith or deception." *Firth, et al. v. Richter,* (Cal. App.) 196 Pac. 277.

Said instruction No. 13 being erroneous, and this court having no way of determining what facts were actually found by the jury, or to what extent it may have been misled by said instruction, the judgment is reversed.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BAILEY concur.