# H. C. SMITH, Respondent, v. OSCAR H. WILL & COMPANY, a Corporation, Appellant.

(199 N. W. 861.)

**Sales — right of recovery for breach of contract to deliver alfalfa seed held not affected by warranty or nonwarranty, through agreement or common usage.**

In an action for breach of contract where plaintiff ordered Turkestan alfalfa seed and defendant agreed to deliver Turkestan alfalfa seed but by mistake shipped sweet clover seed, it is *held*, that plaintiff may recover for breach of contract for failure to deliver Turkestan alfalfa seed as agreed and that ques-

tions of warranty or of non-warranty through agreement or common usage concerning the seed have no application.

Opinion filed March 21, 1924.   Rehearing denied July 29, 1924.

Sales, 35 Cyc. p. 52 n. 40; p. 218 n. 61; p. 256 n. 10; p. 262 n. 93; p. 409 n. 86.

In District Court, Burleigh County, *Jansonius, J.*

Action to recover for breach of contract in failing to deliver Turkestan alfalfa seed ordered.

From a judgment in plaintiff's favor defendant has appealed. Affirmed.

*Newton, Dullam & Young,* for appellant.

*Edward S. Allen,* and *Theodore Koffel,* for respondent.

### Statement.

BRONSON, Ch. J.   This is an action to recover damages for breach of a contract for the sale of certain seed.   Defendant has appealed from the judgment entered upon a verdict returned in plaintiff's favor.   The facts are:—Plaintiff operated a farm near Pollock, South Dakota.   Defendant conducted a seed house at Bismarck, North Dakota.   In April, 1920, plaintiff, while in Bismarck, visited defendant's establishment. He inquired about Grimm alfalfa seed with which he was familiar. Defendant showed him a sample of Grimm alfalfa seed.   Defendant also urged him to try Turkestan alfalfa seed for the reason that it grew more luxuriantly and made more *forage.*   Defendant had a considerable quantity of this Turkestan alfalfa seed in grain sacks there at the time.   Defendant quoted to plaintiff a price of 60 cents per pound for Grimm alfalfa seed, and 50 cents for Turkestan.   Plaintiff had previously bought seed from a party in South Dakota.   His seed had been ordered but it had not come.   When plaintiff returned to his farm he found the seed was not there so he wired to defendant to send c. o. d. Turkestan seed.   Three different telegrams were sent covering altogether orders for Turkestan alfalfa seed and Grimm alfalfa seed, to be sent c. o. d.   Defendant proceeded to comply with the orders and sent seed to defendant at Pollock, South Dakota.   The total amount of the purchase price for the seed was $1,000 which amount was paid by

plaintiff, for each shipment within a short time after such shipment. The seed so shipped by defendant was seeded by plaintiff, through his foreman and employees, on his farm. From this seed so furnished a luxuriant crop grew. Plaintiff was under the impression that the crop so produced was alfalfa. He was astonished by the luxuriance of the crop from this so-termed Turkestan alfalfa seed. Neighbors in the vicinity came to see the luxuriant crop. It was viewed by the county agricultural expert. Plaintiff treated this crop as if it were alfalfa. During the next season in 1921, he discovered that this crop from the so-termed Turkestan alfalfa seed was not alfalfa at all but was sweet clover. Then he came to Bismarck and interviewed defendant. He urged that defendant send a man down to look at this crop and to salvage it if there was any salvage to it. He did not have the machinery to handle a clover crop. He tried to cut some of it and to mow some of it but he was unable to use or dispose of this crop. Defendant advised plaintiff that it would take plaintiff's word as to whether there was any salvage of the crop to be had. No settlement was made between plaintiff and defendant, as a result of this trip to Bismarck. This lawsuit resulted. Defendant, in its answer, relies upon a nonwarranty clause as to the description, quantity, productiveness of any seeds sold by defendant, which nonwarranty clause was specified in its catalog, upon its shipping tags, and on its letter-heads and invoices; also of the general usage and custom of the nursery trade to sell seed subject to such general nonwarranty. In its evidence, plaintiff testified that he had never seen the catalog of the defendant house and knew nothing of this general warranty upon the tags, the invoices or the letter-heads until he came to Bismarck upon his second visit. It is the contention of the defendant upon this appeal that whatever warranty might ordinarily be implied in the sale of seed, the defendant upon the record was wholly absolved therefrom by reason of the general nonwarranty clause disclosed as above stated and also by reason of the general custom existent among seed men for such nonwarranty

## Opinion.

A cause of action was established, in our opinion, not for breach of warranty, but for breach of contract through failure to deliver goods

purchased. Plaintiff ordered and agreed to buy, and defendant agreed
to sell and deliver, Grimm alfalfa seed and Turkestan alfalfa seed.
Thus, a contract of sale was made. It became the duty of the defend-
ant, pursuant to the contract, to deliver Grimm alfalfa seed and Tur-
kestan alfalfa seed in the quantity as ordered; it became the duty of
the plaintiff to accept, and to pay for, the seed when delivered. Uni-
form Sales Act, Laws 1917, chap. 202, § 41. Defendant delivered to
the carrier c. o. d. Grimm alfalfa seed, in quantity as ordered, and,
supposedly, Turkestan alfalfa seed, but, in fact, sweet clover seed, in
quantity as ordered. It was the duty of plaintiff to receive such seed
so shipped c. o. d. without right of examination before payment of the
purchase price. Uniform Sales Act, Laws 1917, chap. 202, § 48, subd.
3. Plaintiff fulfilled his contract. He received the seed and paid the
purchase price. In fact, defendant made a mistake. It does not claim
that it delivered Turkestan alfalfa seed, either that contained in the
large amount of sacks shown to plaintiff or otherwise. Somehow,
through mistake in handling or otherwise, defendant acquainted with
Turkestan alfalfa seed although such seed looks like clover seed, deliv-
ered the latter and not the former. Plaintiff, not familiar with either
Turkestan alfalfa seed or sweet clover seed, received the seed delivered.
He had the right before acceptance to a reasonable opportunity of ex-
amination. Subd. 1, § 47 (Uniform Sales Act) chap. 202, supra. He
had the right to accept the seed, delivered as ordered, and to reject the
seed, delivered not as ordered. Subd. 3, § 44 (Uniform Sales Act)
chap. 202, supra. Plaintiff, as soon as he discovered the mistake, noti-
fied the defendant and rejected the seed and its product. Plaintiff
was entitled to insist upon defendant's agreement and contract to de-
liver the seed ordered. Defendant never delivered nor offered to de-
liver the Turkestan alfalfa seed ordered. The question presented is
not whether the seed furnished was Grimm, Turkestan or some other
kind of alfalfa seed, or a seed erroneously described by defendant, in
breach of any warranty, express or implied, but whether the defendant
did deliver to plaintiff the seed which it showed to plaintiff and which
it promised and agreed to deliver to him pursuant to its contract. Such
seed, so shown to plaintiff, the defendant did not deliver. Under the
force of defendant's contentions, when the plaintiff received this
clover seed, even though it was not Turkestan alfalfa seed, he was

precluded from recovering any resulting damage by reason of its non-warranty clause and the general usage of the trade. But, upon the facts in this record, we are of the opinion that the nonwarranty clause was inapplicable as between the parties. The seed involved was explained, identified and ordered. Defendant's duty to deliver the amount of this seed as ordered became fixed when it accepted the order. Clearly, upon the facts, the plaintiff was entitled to recover for breach of the contract. The judgment is affirmed with costs.

CHRISTIANSON, JOHNSON, BIRDZELL, and NUESSLE, JJ., concur.