No. 13,195.

ROCKY MOUNTAIN SEED COMPANY *v.* KNORR.

(20 P. [2d] 304)

Decided March 13, 1933.

Mr. HOWARD ROEPNACK, Mr. D. K. WOLFE, JR., for plaintiff in error.

Mr. FOSTER CLINE, Mr. GEORGE A. TROUT, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

PLAINTIFF sued before a justice of the peace for $144.50, claimed balance, with interest, of an open account, to which defendant interposed a counterclaim. To an adverse judgment of $300, plaintiff appealed to the county court, where defendant again prevailed, there in the sum of $240.90. Plaintiff assigns error.

There were no written pleadings, but it fairly appears from the record that plaintiff is in the retail seed business in Denver, and that defendant is a farmer; that in the spring of 1929 defendant went to plaintiff's place of business to buy seeds for planting, and of her requirements was alfalfa seed, of which, in two lots, she bought at a cost of $68.80, and, with other purchases, became indebted to plaintiff in the sum of $217.70, toward the discharge of which she subsequently paid $100; that with oats, called a nurse crop, what defendant bought as alfalfa seed was sowed, but it made no appreciable growth in 1929; that when in 1930 determination was possible, defendant discovered, so she claimed, that the prospec-

tive crop was not alfalfa, but sweet clover, of which she immediately notified plaintiff and its representative made examination. Whether the seed plaintiff delivered to defendant on her request for alfalfa seed was not sweet clover instead, was the principal fact issue presented, and the jury's verdict, warranted by the evidence, was to the effect that the delivery was of sweet clover seed. It further appears that on its invoices plaintiff has printed the following: "We give no warranty, express or implied, as to description, quantity, productiveness or any other matter of any seeds, bulbs or plants we send out, and will not be in any way responsible for the crop. If the purchaser does not accept the goods on these terms, they are at once to be returned. All claims must be made within 3 days after receipt of goods." And in some modified form the same disclaimer appears on packages containing seeds of which it makes delivery to its customers, and on tags attached to larger containers, such as bags. The record indicates that the invoice which defendant received of her purchase carried the quoted matter, and that the packages and bags were all similarly marked; but it does not appear that defendant's attention was called to the matter or that she was otherwise advised about it, except as it may be claimed she was bound to read what was thus printed. Based on this negation of warranty, and on its offer to prove that it is the custom and usage of all seed houses in all states of the United States, and of foreign countries, to refuse to warrant seeds, which offer the court denied, plaintiff makes its principal argument.

■■ When defendant called at plaintiff's store to make purchases for the season's planting, alfalfa seed being among her wants, plaintiff engaged to supply her demands, and made delivery in containers or packages labeled to indicate contents, in seeming conformity with defendant's order. Certain of the packages delivered by plaintiff purported to be of alfalfa seed, but, as we have seen, the crop grown from the seed so labeled and

delivered was sweet clover, shown to be worthless. But because of the nonwarranty clause appearing on its invoices and delivery tags, plaintiff urges its exemption from liability. On the record we doubt the soundness of that doctrine. It will be observed that defendant's contention is not that the delivery was short in quantity, or was lacking in productiveness, or was an inferior kind of alfalfa, or that the crop failed, but rather that on a purchase of alfalfa seed plaintiff made delivery of sweet clover seed. In the circumstances defendant's cause of action is grounded, not on breach of plaintiff's warranty, but for breach of contract to deliver what was purchased. And that is the distinction which the authorities recognize. A case in point is *Smith v. Will*, 51 N. D. 257, 199 N. W. 861. The sale was of alfalfa seed, but the crop grown from the seed delivered was sweet clover, as here. In other particulars the facts parallel this record. The court held that the purchaser was entitled to recover on breach of contract for failure to deliver alfalfa seed as agreed, and that questions of warranty or of nonwarranty, as well as the general usage of the trade, were inapplicable. See, also, *Wallis v. Pratt*, Law Reports, Appeal Cases 1911, 394, where the House of Lords discoursed learnedly on the general subject. In *Hise v. Romeo Stores Co.*, 70 Colo. 249, 199 Pac. 483, Hise, a farmer, bought of the Romeo company, a dealer, a quantity of seed potatoes, as "early Ohio." When the crop was grown Hise claimed the seed had not been as represented, but of another variety, less valuable, and sought damages. "The kind and variety of the seed being indistinguishable by inspection," said Mr. Justice Burke, "the seller alone can have knowledge of the source and reliability of his information. If he elects to repeat this as a fact and take advantage of a sale based thereon, a warranty should be implied should the statement prove false." So here. Plaintiff exhibited what it represented was alfalfa seed and only experts, as the evidence shows, and it is not claimed that defendant is an expert, can dis-

tinguish alfalfa seed from sweet clover seed. She ordered alfalfa seed and plaintiff's undertaking was to deliver, not sweet clover, as was done, but that which had been purchased. "Seeds of different kinds cannot always be distinguished by inspection, and it seems to be generally recognized in such a case that an express or implied affirmation of the seller where seed of a particular kind is asked for and sold as such that it is of such kind may constitute a warranty as to its kind." 24 R. C. L. 175. "It is also a well recognized principle that a sale of seed by name raises an implied warranty that it is true to name, and the fact that the buyer inspected it before buying is immaterial when its character could not ordinarily be ascertained by a reasonable inspection." *Hobdy v. Siddens,* 198 Ky. 195, 248 S. W. 505. See *American Warehouse Co. v. Ray* (Tex.), 150 S. W. 763; *National Seed Co. v. Leavell,* 202 Ky. 438, 259 S. W. 1035.

We have been favored with an exhaustive brief by plaintiff's counsel, but we regard their citations as distinguishable, or as not in consonance with the reasoning of cases we prefer to follow. In the interest of study by the profession we cite the principal cases found in plaintiff's brief. *Ross v. Northrup,* 156 Wis. 327, 144 N. W. 1124; *Hoover v. Utah Nursery Co.* (Utah), 7 P. (2d) 270; *Miller v. Germain Seed Co.,* 193 Cal. 62, 222 Pac. 817, 32 A. L. R. 1215; *Seattle Seed Co. v. Fujimori,* 79 Wash. 123, 139 Pac. 866; *Manglesdorf Seed Co. v. Busby,* 118 Okla. 255, 247 Pac. 410.

The jury having otherwise found the issues in favor of defendant, the award of damages was justified. Other assignments have not been overlooked, but we think them without merit. The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE CAMPBELL concur.