FRANCE DUOFONE CO. *v.* DeLODDER.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—DELAYED JUDGMENT.
   Supreme Court does not pass upon regularity of an appeal from a delayed judgment where question was not raised by motion to dismiss appeal (Court Rule No. 58, § 2 [1933]).

2. SAME—MERIT OF APPEAL—BRIEFS.
   Absence of any citation of authorities in the briefs is some indication of the lack of merit of an appeal in action on contract for purchase and installation of sound reproducing equipment for theaters.

3. SAME—DAMAGES—DETERMINATION BY TRIAL JUDGE—EVIDENCE.
   In action on contract tried before court without a jury, trial judge's determination as to damages will not be disturbed on appeal if reasonably within the range of the testimony since he saw and heard the witnesses.

Appeal from Wayne; Moll (Lester S.), J. Submitted June 12, 1935. (Docket No. 119, Calendar No. 37,890.) Decided September 9, 1935.

Assumpsit by France Duofone Company, a Michigan corporation, against Fred DeLodder on a written contract for the purchase of machines. Plea of set-off by defendant. From judgment for plaintiff in an alleged insufficient amount, it appeals. Affirmed.

*Barbour & Martin (Howard H. Campbell,* of counsel), for plaintiff.

*Arthur J. Adams,* for defendant.

BUSHNELL, J. Plaintiff claims defendant owes a balance of $2,866.46 on a written contract covering

the purchase and installation of five France Duo-fones, each consisting of two complete sound reproducing machines. The agreement dated April 1, 1929, after reciting the receipt of $2,500, states:

"The five outfits are to be completely installed in the above mentioned theatres on or before 30 days from date hereof, and upon satisfactory installation the mentioned Fred DeLodder shall pay an additional sum of $2,500. And the balance of $2,400 to be paid upon the satisfactory demonstration and installation of sound on film equipment, to the France Duofone. Said Fred DeLodder agrees to pay upon satisfactory installation of sound on film equipt. an additional sum of $5,000 for this equipt. It is understood that this film sound equipt. must be installed not later than July 1, 1929, and satisfactory demonstration made by that date."

A trial by jury having been waived, testimony was submitted December 9, 1930, the trial court filing an opinion January 7, 1931, from which it appears that the sound on disc equipment was promptly and satisfactorily installed and payment made. But on September 29th, when the sound on film equipment was finally demonstrated, it proved to be unsatisfactory whereupon at greater cost defendant purchased the film equipment elsewhere. Plaintiff made no claim for the $5,000, nor did defendant press his set-off. The court allowed plaintiff $95.33 to cover some miscellaneous items on which finding judgment was not entered until January 23, 1934.

We pass the invitation of appellee for an expression of attitude from the court on the goodness and regularity of an appeal on a delayed judgment, the question not having been presented in the form of a motion to dismiss the appeal. Court Rule No. 58, § 2 (1933).

The absence of any citation of authorities in the briefs is some indication of the lack of merit of the appeal, appellant's assistance being limited to several quotations of general statements from a text-writer. The sole question presented is whether the record sustains the trial court's opinion and the judgment entered thereon.

We cannot disagree with the findings of the trial judge and have found no reversible error. The trial court saw and heard the witnesses and its determination of the amount of damages, if reasonably within the range of the testimony, will not be disturbed on appeal. *Brebner* v. *Sidney Hill Health System, Inc.,* 269 Mich. 541.

The judgment is affirmed, with costs to appellee.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.