### EASTERN SEED CO. et al. v. PYLE.
### No. 11531.

Court of Civil Appeals of Texas.
San Antonio.
Nov. 21, 1945.

Rehearing Denied Dec. 19, 1945.

Keys, Holt & Head and John D. Hyde, all of Corpus Christi, and Baker, Botts, Andrews & Wharton, John Bullington, and Sam S. Minter, all of Houston, for appellants.

W. B. Moss and John Dawson, both of Sinton, and Walter Groce, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted by Ellis Pyle against Eastern Seed Company seeking to recover the sum of $7,800, as damages for breach of warranty in the sale of Babosa onion seed.

The cause was submitted to a jury and, in keeping with the jury's answers, judgment was rendered in Pyle's favor against Eastern Seed Company and G. Curtis Clark, in the sum of $5,200.

From this judgment Eastern Seed Company and G. Curtis Clark have prosecuted this appeal.

Appellants first contend that they should have been given an instructed verdict against appellee, Ellis Pyle. The evidence shows that Ellis Pyle entered into a written contract with Eastern Seed Company for the purchase of fifty pounds of Babosa onion seed, which reads in part as follows:

"Order Sheet

"Eastern Seed Company
"Date ......9–6–43
"Sold to Ellis Pyle

"Terms: Cash
"Payable in Corpus Christi, F. O. B. Corpus Christi.

"Notice

"All sales subject to loss or damage by fire, shortage or failure of crops, and contingencies beyond control. Eastern Seed Company gives no warranty, express or implied, as to description, purity, productivity, or any other matter of any seed we may send out, and we will not be in any manner responsible for the crop.

| Quantity | Article | Price | Per |
|----------|---------|-------|-----|
| 50 pounds | Babosa Onion Seed | Market | |

"Subject to our ability to obtain.

"Price quote lots for your approval.

"This order is taken 'subject to confirmation' by Eastern Seed Company and in case of crop shortage is subject to pro rata delivery on exactly the same basis that Eastern Seed Company receives from their grower or supplier.

"Signature of Buyer: (Signed) Ellis Pyle.

"Signature of Salesman: (Signed) Joe Kirkpatrick"

Later the seed were delivered to appellee and planted by him on fifty-two acres of land. The crop was properly cultivated but failed to produce Babosa onions. The onions produced were "Bottle Necks" or "Blue Whistlers," being terms applied to any variety of onions that produces a prolific top growth and no bulb. The jury found, in effect, that the onion seed delivered to appellee were not of the Babosa variety.

The order which was signed by appellee and a representative of appellants contained what is known as a non-warranty clause. The question here presented is, can appellee recover on the warranty claimed by him, to the effect that these seed were of the Babosa variety in the face of the written provision in the contract, that "Eastern Seed Company gives no warranty, express or implied, as to description, purity, productivity, or any other matter of any seed we may send out, and we will not be in any manner responsible for the crop"? We think not. Appellee bought onion seed, he received onion seed, which were not warranted as to description, purity and productivity. The seed were described as Babosa onion seed, but were expressly not warranted to be as described. The parties having signed a written contract are bound by its provisions. White, Ward & Erwin v. Hager, 112 Tex. 516, 248 S.W. 319.

It has been held that where the written contract contains an express warranty or disclaimer of warranty, such written stipulation in the contract is the exclusive measure of the rights of the parties to such contract, and parol evidence is immaterial and may not vary such terms of the written agreement. E. F. Elmberg v. Dunlap Hdw. Co., Tex.Com.App., 267 S.W. 258; Bolt v. Bank of Manchester, Tex.Civ.App., 179 S.W. 1119.

We have not found any case in this State which is directly in point on the facts of this case, but there are cases in other jurisdictions. In Leonard Seed Co. v. Crary Canning Co., 147 Wis. 166, 132 N.W. 902, 903, 37 L.R.A.,N.S., 79, Ann.Cas.1912D, 1077, it is stated:

"Counsel argue that the peas furnished under the contract must be of the 'Advancer' variety, and that plaintiff was not relieved by its contract from liability for damage resulting from furnishing peas other than 'Advancer' peas. * * *

"The peas to be delivered under the contract were described therein as 'Advancer' peas. But the contract provided that no warranty, express or implied, was given that the peas furnished should be of the description named therein. * * *

"A contract deliberately entered into between two parties, exempting one of them from liability in case seed sold are not true to name, should be as binding as a custom among dealers not to sell with a warranty that the seeds furnished are true to description."

In Reynolds v. Binding-Stevens Seed Co., 179 Okl. 628, 67 P.2d 440, 444, it is said:

"The nonwarranty clause referred to his purchase, was a part of the agreement and he (purchaser) could no more have ignored that than he could ignore any provision of a written contract."

We seriously doubt if the evidence is sufficient to show that the onion seed that appellee received were not of the Babosa variety. Appellee offered evidence that he planted the seed and they did not produce Babosa onions. This was accounted for, by the testimony of an expert, by showing that the seed were grown in the State of Washington, and that the daylight hours there are much greater during the growing season than in South Texas, and this difference in daylight hours could have been the cause of the onions not making bulbs. Regardless of this, appellee could not recover on any oral or implied warranty in the face of the nonwarranty clause in the written contract which he signed. There is no contention that the execution of the contract was the result of fraud, accident or mistake.

Appellee cites us to cases such as where alfalfa seed were bought and sweet clover seed delivered. Such a case is Rocky Mountain Seed Co. v. Knorr, 92 Colo. 320, 20 P.2d 304. The court properly held there that this constituted not a breach of warranty but a breach of contract. We do not regard this case and similar cases as in point here. The failure of the onion seed delivered to appellee to produce Babosa onions would not be a breach of contract, but a breach of warranty (if any) as to the variety or description of the onion seed.

The judgment of the trial court will be reversed and judgment here rendered that appellee take nothing and pay all costs.

Reversed and rendered.