## FRUIT GROWERS PACKAGE COMPANY *v.* ANDERSON.

1. APPEAL AND ERROR—NONJURY CASES—FINDING OF COURT—PREPONDERANCE OF EVIDENCE.
    In a case tried without a jury the trial judge may give such weight to the testimony as in his opinion it is entitled to and his finding will not be reversed unless the evidence clearly preponderates in the opposite direction.

2. SALES—PURCHASE PRICE—PREPONDERANCE OF EVIDENCE.
    In nonjury action of assumpsit to recover purchase price of small fruit containers, evidence *held,* to preponderate that price agreed on was the price to be fixed by the office of price administration of $9.25 per thousand, claimed by plaintiff, rather than $4.65 per thousand, the price on defendant's last invoice plus a recent advance, as claimed by defendant, and the amount for which recovery was allowed by trial judge, where there is evidence that cost to plaintiff was $7.75 per thousand, there being a preponderance of evidence in favor of plaintiff as to price of the containers.

3. INTEREST—ASSUMPSIT FOR PURCHASE PRICE—DEMAND.
    Interest at 5 per cent. in action of assumpsit for purchase price of small fruit containers is allowed from time demand for payment was made.

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am. Jur., Appeal and Error, § 896.
[3] 15 Am. Jur., Damages, § 163 *et seq.*
[4] 14 Am. Jur., Costs, § 98.

4. COSTS—ASSUMPSIT—INCREASE OF JUDGMENT FOR PLAINTIFF ON
    APPEAL.

    Where judgment in action of assumpsit in trial court was
    rendered for an insufficient amount and is increased in Su-
    preme Court, costs of both courts are awarded to plaintiff.

Appeal from Berrien; Westin (Edward A.), J.
Submitted October 8, 1948. Docket No. 70, Calendar
No. 44,183.) Decided December 17, 1948.

Assumpsit by Fruit Growers Package Company,
a Michigan corporation, against Nelson R. Ander-
son for price of pint fruit boxes. Judgment for
plaintiff. Plaintiff appeals. Remanded for entry
of judgment in an increased amount.

*Anderson & Anderson,* for plaintiff.

*Harvey & Fisher,* for defendant.

NORTH, J. By purchase defendant received from
plaintiff 150,000 so-called "cups," sometimes re-
ferred to in the record as pint boxes, which are small
containers used by fruit growers. This suit, tried
by the court without a jury, arose out of a dispute
as to what was the agreed price at which the pur-
chase was made. The trial court entered judgment
for plaintiff, but at the price claimed by defendant.
Plaintiff has appealed, claiming that the amount of
the judgment should have been substantially greater
than that awarded.

Prior to June 1, 1946, plaintiff's manager and de-
fendant entered into the agreement for the sale of
these "cups." Concerning the agreement as to the
purchase price, the direct testimony in support of
plaintiff's claim is confined to that given by its man-
ager, James Marcelletti, and that in support of
defendant's claim is confined to his own testimony.
Plaintiff's manager, Marcelletti, testified that the

price per thousand of the "cups" was agreed to be the ceiling price which was shortly to be fixed by the Office of Price Administration, which price later developed to be $9.25 per thousand. But defendant testified that at the time the parties entered into the agreement for this sale the price per thousand was agreed upon as $4.65. Defendant testified that figure was reached on the basis of the price in his last invoice of a purchase of "cups" which was $4.50 per thousand plus 15 cents per thousand, there having been in the meantime an increase in price.

If the above were all that is disclosed by this record, it might well be concluded, as the circuit judge held, that the testimony was equally balanced and therefore plaintiff could not prevail on the issue as to what in fact was the agreed purchase price. But the further rather informative and persuasive facts appear in the record. When on June 1, 1946, defendant received delivery of the first 50,000 "cups" it was accompanied by an invoice as to the quantity but without any price per thousand being stated therein. However on June 3d plaintiff mailed and defendant received an invoice fixing the price at $9.75 per thousand. Plaintiff testified he had information at that time on which he relied that such was the ceiling price fixed by O.P.A.

Again on June 18, 1946, defendant received delivery of the remaining 100,000 "cups," accompanied by an invoice fixing the price at $9.75 per thousand. Subsequent to these deliveries plaintiff mailed to defendant a credit memo of 50 cents per thousand, thereby reducing the price per thousand to $9.25, which was the O.P.A. ceiling price. Defendant not having made any payment on account, on or about October 11, 1946, plaintiff's manager contacted defendant by telephone and urged payment of the account, whereupon and for the first time defendant made the contention that the invoice price of the

articles which he had received in June was in excess of the agreed sales price. Promptly thereafter defendant mailed his check to plaintiff for the amount defendant claimed he owed plaintiff, $1,147; but this check was rejected and promptly returned by plaintiff to defendant.

Not only did defendant remain silent for some months after he accepted and retained the purchased articles invoiced to him at what was understood by plaintiff to be the O.P.A. ceiling price, but on his cross-examination defendant testified:

"*Q.* Under date of June 3d, they sent you an invoice showing a price of $9.75 per thousand?

"*A. Mr. Marcelletti said he was waiting for a new price to come into effect.* Two or three days later I had the price. The bookkeeper sent an invoice showing the price."

The foregoing testimony of defendant that plaintiff's manager "said he was waiting for a new price to come into effect" is in full accord with plaintiff's claim and quite in conflict with defendant's contention in this case. There was also the showing at this trial that the cost of these "cups" to plaintiff was $7.75 per thousand.

In considering this appeal we have been mindful of our holding in numerous cases to the effect that as quoted from *Vannett* v. *Michigan Public Service Co.,* 289 Mich. 212, 218, in *School District of the City of Ionia, for use and benefit of Employers' Liability Assurance Co.,* v. *Dadd,* 308 Mich. 220:

" 'We have repeatedly said in cases tried without a jury that the trial judge is the trier of the facts and may give such weight to the testimony as in his opinion it is entitled to. In such cases we do not reverse unless the evidence clearly preponderates in the opposite direction.' "

But after applying the above rule in the instant case we are constrained to conclude that the finding of the trial judge in accordance with the contention of the defendant was, under this record, erroneous. We therefore find that the case should be remanded, the judgment in the circuit court set aside, and judgment entered therein in favor of plaintiff and against defendant in accordance herewith. In addition to the foregoing there being an uncontroverted item of $362.50, the total judgment will be for $1,750, with interest at 5 per cent. per annum from October 11, 1946, on or about which date plaintiff demanded payment of defendant. Plaintiff will have costs of both courts.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.