COATES v. COATES.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RECORDING—REGIS-
TER OF DEEDS.
  Claim that recordation of divorce decree in miscellaneous rec-
    ords at office of register of deeds did not constitute con-
    structive notice, not having been raised by the pleadings
    nor argued or considered by the trial court in its opinion,
    is not considered since it is raised for the first time on
    appeal.

2. RECORDS—STATUTES—ENROLLMENT OF DECREE OF DIVORCE.
  Provision concerning recordation of a divorce decree contain-
    ing no requirement of enrollment having been incorporated in
    the statute law since statute requiring enrollment before
    recordation, such requirement for enrollment was removed
    (CL 1948, §§ 552.104, 622.18).

3. DIVORCE—RECORDATION OF DECREE—ENROLLMENT—STATUTES.
  Repeal of statute relative to recordation of enrolled decrees
    and re-enactment by judicature act which contained a sav-
    ing clause especially excepting divorce proceedings did not
    effect a repeal of statutory provision which was not incor-
    porated as a part of the judicature act and which did not
    require enrollment of decree of divorce as a condition preced-
    ent for recordation (CL 1948, §§ 552.104, 622.18, 681.2).

4. JUDGMENT—DESCRIPTION OF PROPERTY IN DECREE OF DIVORCE.
  Omission of name of township, county and State in description
    of property upon which lien was given to wife to secure pay-
    ment of sum awarded her in decree of divorce did not render
    description void for uncertainty where description was com-
    plete in preceding paragraph of such decree and a reference
    to the United States survey of this State and also to the
    organization of townships and counties in this State would

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 246.
[1-3] 45 Am Jur, Records and Recording Laws, § 59.

show the lands to be located in the township and county whose names were omitted and, since a Michigan court made the decree concerning title to land, it is assumed the description is within the State unless the contrary affirmatively appears.

5. DEEDS—DESCRIPTION OF PROPERTY—FAILURE TO SPECIFY COUNTY OR STATE.

A deed of a parcel of land described by the subdivision and number of the section, and the number of the township and range, although not specifying the county or State, is not void for uncertainty.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted January 4, 1950. (Docket No. 20, Calendar No. 44,634.) Decided April 11, 1950.

Bill by Classie Coates against Henry Coates and others to foreclose a lien given in divorce decree. Decree for defendants. Plaintiff appeals. Reversed and remanded. ·

*Harold H. Smedley,* for plaintiff.

*R. Burr Cochran,* for defendants Meeks.

REID, J.   Plaintiff filed her bill of complaint to foreclose a lien under a decree of divorce which had been obtained by her against her husband Henry Coates.   The decree in the property settlement awarded to her husband certain real estate and gave her a lien against the real estate.   From a decree dismissing her bill of complaint in the instant case, plaintiff appeals.

On May 3, 1948, plaintiff Classie Coates obtained the decree of divorce above mentioned from defendant Henry Coates.   On the same date a certified copy of the decree, without the decree having been previously enrolled by the clerk, was recorded in the office of the register of deeds of Muskegon county

in liber 103, miscellaneous, page 465, and not elsewhere.

The divorce decree under paragraphs 2 and 3 provided:

"2d. That the title and the right to possession of the premises situate in the township of Muskegon, county of Muskegon and State of Michigan, described as follows:

"The north 198 feet of the south 1/4 of the east 1/2 of the northeast 1/4 of the northeast 1/4 of section 6 town 10 north, range 16 west,

"be and the same is hereby awarded to the said defendant, Henry Coates.

"3d. That the said plaintiff is hereby awarded the sum of $600 * * * to bear interest at the rate of 6 per cent. per annum, from the said 30th day of April, 1948, until fully paid; and the said plaintiff, Classie Coates, is hereby decreed to have a lien on the premises described as follows:

"The north 198 feet of the south 1/4 of the east 1/2 of the northeast 1/4 of the northeast 1/4 of section 6 of town 10 north, range 16 west,

"to secure the payment of said sum of $600 as above provided, and in default of payment by the defendant, Henry Coates, of any of the instalments to be paid by him as herein provided, at the time provided, the entire balance, then remaining unpaid, both principal and interest, shall thereupon forthwith become due and payable, and the said plaintiff may immediately foreclose her said lien."

On June 24, 1948, Henry Coates gave defendants Thomas and Lucille Meeks a warranty deed of a substantial and apparently the more valuable portion of the property, awarded to him under paragraph 2 above, on which Classie Coates claims a lien under paragraph 3 above. Defendants Meeks purchased said property without actual knowledge of plaintiff's lien and without obtaining an abstract and without

making any inquiry or investigation of the title, relying entirely upon what Henry Coates told them.

Henry Coates did not make the payment provided for in the decree, paying only $60 of the $600 awarded. Plaintiff brought this suit to foreclose her lien in the amount of $540 plus interest and costs of foreclosure. Defendant Henry Coates was never served with process; his whereabouts were and are unknown.

The trial court found that as the decree had not been enrolled before recording, it was not entitled to be recorded and, hence, was notice to no one. The trial court also found, as respecting paragraph 3 of the decree, that, "the failure of the decree to name the township, county and State in which the premises are located is fatal and does not constitute notice of the lien to a subsequent purchaser."

Defendants Meeks claim that the recordation in miscellaneous records does not constitute constructive notice. This question was not raised by the pleadings or argued or considered by the trial court in its opinion. Under such circumstances we do not consider the question raised in this Court for the first time on appeal.

Defendants Meeks claim that a decree of divorce creating a lien on real estate must be enrolled before recording in order to be effective as notice, citing CL 1948, § 622.18 (Stat Ann § 27.1448), which in part is as follows:

"After the entry and enrollment of any final decree affecting or determining the title to real estate, a copy of such decree, duly certified by the clerk of the county in which the same was entered, under the seal of the court, may be received and recorded in the office of the register of deeds of the proper county, and shall have the same effect as the original decree."

Plaintiff relies on CL 1948, § 552.104 (Stat Ann § 25.134), which is as follows:

"A certified copy of any decree granted in a suit for divorce may be recorded in the office of the register of deeds of any county in this State."

This statute concerning recordation of a divorce decree contains no requirement of enrollment and removes divorce decrees from the requirement of enrollment prescribed in CL 1948, § 622.18.

CL 1948, § 622.18 (Stat Ann § 27.1448) is substantially in form as it stood as section 60, ch 90, RS 1846 and as amended by PA 1873, No 93, and such predecessor statute was repealed by the judicature act, PA 1915, No 314, and re-enacted as section 18, ch 22 of the said judicature act; however, it was not the intention of the legislature by such repeal and by the re-enactment of the section now standing as CL 1948, § 622.18 (Stat Ann § 27.1448) to repeal or supersede section 4, PA 1909, No 259, now standing as CL 1948, § 552.104 (Stat Ann § 25.134), as to which last cited section the intention of the legislature is expressed in the judicature act itself, in chapter 81, § 2 (CL 1948, § 681.2 [Stat Ann § 27.-3546]), as follows:

"Actions in special cases, and special proceedings provided for  *  *  *  in the laws relating to separate maintenance, divorce and the annulment and affirmance of marriage  *  *  *  are not to be deemed repealed or superseded by this act, but the same are retained, and the procedure therein shall be as in such laws provided."

It is clear that by enacting CL 1948, § 552.104 (Stat Ann § 25.134) the legislature intended (and especially by using the word "any") that *all* decrees in divorce cases are subject to recordation, and we deem the recordation of any divorce decree is effective as notice whether enrolled or not.

Defendants Meeks further claim that the description of lands (in paragraph 3 of the divorce decree) on which plaintiff Classie Coates claims a lien, is insufficient, the State and county not being recited in that portion of the decree setting forth what lands the lien is to be attached to. In the preceding paragraph, paragraph 2, the same description appears, with a statement of the township, county and State preceding. The description in paragraph 3 of the decree sets forth the town and range. A reference to the United States survey of Michigan and also to the organization of townships and counties in Michigan would show the lands mentioned in paragraph 3 of the decree to be in the township of Muskegon and county of Muskegon. When a Michigan court is making a decree concerning the title to lands, it can be assumed that the description is within the State of Michigan, unless the contrary shall affirmatively appear.

"A deed of a parcel of land described by the subdivision and number of the section, and the number of the township and range, although not specifying the county or State, is not void for uncertainty." *Russell* v. *Sweezey* (syllabus), 22 Mich 235.

The *Russell Case* is quoted with approval in *Slater* v. *Breese,* 36 Mich 77.

The decree appealed from is reversed. A decree will be entered in this Court recognizing the validity of the lien of plaintiff against the premises mentioned in paragraph 3 of the decree, the same as though the said lands were in said paragraph 3 expressly recited as being in the township of Muskegon, county of Muskegon and State of Michigan, for the sum of $540, for which sum plus interest at 6 per cent. from date of divorce decree and costs of foreclosure, the plaintiff is entitled to have foreclosure. The case is remanded to the trial court to proceed

.with the matter of foreclosure in accordance with this opinion. Costs to plaintiff.

BOYLES, C. J., and NORTH, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.