GARBARINO v. LEE C. MILLER COMPANY.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SCOPE OF ORDER OF REFERENCE TO CIRCUIT COURT COMMISSIONER.

   Whether or not appellants were entitled to have order of reference to circuit court commissioner made more specific and limited in its scope is not considered on appeal, where appellants made no application to the circuit judge for such action.

2. SAME—QUESTIONS REVIEWABLE—STOCKHOLDERS—ACCOUNTING.

   Whether plaintiff was a stockholder or creditor of defendant corporation and whether he was entitled to an accounting for the value of his services as bookkeeper for the corporation or for his alleged loss incident to a motor vehicle transaction are not issues before the Supreme Court on appeal from order referring matter of accounting to a circuit court commissioner, where the trial judge had not passed on such issues.

3. CIRCUIT COURT COMMISSIONERS—ORDER OF REFERENCE—DISCRETION OF COURT—ACCOUNTING.

   It is within the discretion of the circuit judge to order reference to the circuit court commissioner for an accounting as to any claim the proof may show plaintiff has against defendant.

4. APPEAL AND ERROR—ORDER APPEALABLE AS A MATTER OF RIGHT.

   A judgment, decree or order must be a final one in order to be appealable as a matter of right, unless otherwise provided by statute.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 3 Am Jur, Appeal and Error, §§ 394, 395.
[3] 45 Am Jur, References, § 9.
[4] 2 Am Jur, Appeal and Error, § 21.
[5] 2 Am Jur, Appeal and Error, § 26.

5. ACCOUNTING—ORDER OF REFERENCE—APPEAL AS A MATTER OF RIGHT.

An order of reference to a circuit court commissioner in a suit for an accounting is not appealable as a matter of right, since it is not a final order, when made before both parties have rested.

6. SAME—DISMISSAL OF BILL—ORDER OF REFERENCE.—PREMATURE APPEAL.

Defendants in suit for accounting were not entitled to have plaintiff's bill of complaint dismissed on appeal from order of reference to circuit court commissioner, made before defendant had rested, since the appeal was premature and improperly taken.

Appeal from Wayne; McDonald (Archie D.), J., presiding. Submitted April 3, 1951. (Docket No. 4, Calendar No. 44,882.) Decided June 14, 1951.

Bill by Joseph N. Garbarino against Lee C. Miller Company, a Michigan corporation, and others for accounting. Defendants appeal from order of reference. Appeal dismissed and cause remanded.

*Stanley J. Domzalski,* for plaintiffs.

*Abbott, Roberts, Smith & Libby (Dale D. Libby,* of counsel), for defendants.

NORTH, J. Plaintiff brought this suit for an accounting. Some testimony was taken in open court bearing upon the issues presented by plaintiff's amended bill of complaint and the answer thereto. On the third day of the hearing, and before defendants had rested, the circuit judge made and caused to be entered the following order:

"This matter having come on to be heard, the court having taken testimony in open court and being fully advised in the premises,

"On motion of Stanley J. Domzalski, attorney for the plaintiff,

"It is ordered that the above entitled cause be referred to Arthur A. Sempliner, circuit court commissioner for said county, for an accounting."

On reasons and grounds hereinafter reviewed defendants have appealed. Among other contentions appellants assert that because of an alleged accord and satisfaction "which was a final and conclusive adjustment to all controversies, including the right to an accounting," the order of reference "for an accounting" should be limited to the issue of whether defendant Lee C. Miller defrauded plaintiff incident to securing the alleged accord and satisfaction between these litigants. If appellants were entitled to have the order of reference made more specific and limited in its scope they should have applied to the circuit judge for a corresponding modification. Since they did not do so, we decline to consider that issue on this appeal.

The material facts pertinent to this appeal are as follows: On or shortly prior to August 1, 1946, defendant Lee C. Miller became the sole owner of a wholesale grocery business theretofore conducted as a copartnership. Incorporation of the business was contemplated and defendant claims plaintiff agreed to purchase a one-third interest therein. On or about August 1, 1946, the corporation was formed and certificates for one-third of the authorized stock were issued to "Joseph N. or Elizabeth Garbarino" and received by them, as follows: September 26, 1946, 9,534 shares for which plaintiff had advanced to Mr. Miller $12,000; and March 14, 1947, 3,700 shares, for which the consideration was partly in cash and partly in property. The balance of the authorized stock was held by Mr. Miller and his wife. The corporation was short-lived. The stockholders agreed to a sale of its business in May, 1947. For 26 weeks preceding such sale plaintiff kept the books of the defendant corporation, doing such work after

the hours of plaintiff's regular employment as general manager of an automobile sales agency. Plaintiff claims he is entitled to compensation for the services so rendered to the corporation, but this is disputed by defendants who assert plaintiff volunteered to keep the corporation's books without pay, its former bookkeeper having been discharged.

Plaintiff also claims there was returned to him a 1946 Ford tractor and hi-way trailer which he had sold to the corporation; that incident thereto it was agreed he should accept the tractor and trailer at the book value it was being carried by the corporation, but if plaintiff sustained a loss or obtained a profit in disposing of this equipment the difference in the amount was to be adjusted accordingly. Plaintiff testified that incident to this transaction he sustained a loss of $1,646.89, and he claims he is entitled to credit in that amount in adjusting his account with the corporation.

At the time negotiations were under way incident to closing the sale of the corporation's business with the prospective purchaser, the attorney who represented the purchaser questioned the regularity of the manner or conditions under which stock in the defendant corporation had been issued to plaintiff. In order to overcome this difficulty in closing the deal an arrangement was entered into between plaintiff and defendants, evidently for the purpose of retransferring to the corporation any interest therein held by plaintiff. By agreement between plaintiff and defendants an instrument, designated "Exhibit 6" in the instant case, was entered into. It reads as follows:

"AGREEMENT TO REPAY LOAN

"The undersigned hereby promises to pay to the order of Joseph N. Garbarino the sum of $12,963.63 dollars, payment of which shall be made at the time of the closing of the transaction involving the sale

of the assets of the undersigned in consideration of which the payee hereby agrees to execute the minutes of any meeting of the board of directors or stockholders authorizing the sale of the assets of this corporation.

"It is specifically understood that upon the payment of the aforesaid sum of money, the payee will execute and deliver all outstanding stock certificates of the corporation to Lee C. Miller Company. It is further agreed that the check evidencing the sale of the assets of the corporation will be delivered to Griffin, Emery & Seely, attorneys, and that the corporation will deposit such check in its account from which it will draw upon said account the said sum of $12,963.63 dollars payable to the order of the payee in satisfaction of the loan.

"LEE C. MILLER COMPANY,
a Michigan Corporation,
"By (Sgd.) LEE C. MILLER, SR.,
President
"(Sgd.) PAULINE C. MILLER,
Secretary
"(Sgd.) JOSEPH N. GARBARINO"

It does not appear in the record on this appeal that the trial judge passed upon any of the controverted issues—*i.e.*, whether plaintiff's status was that of a stockholder in the corporation or a creditor of the corporation, whether plaintiff was entitled to an accounting for the value of his services as bookkeeper, or for his alleged loss incident to the motor vehicle transaction. Hence those issues are not before us for review.

But under the record it was within the discretion of the circuit judge to order reference to the circuit court commissioner "for an accounting" as to any claim proven by plaintiff. The circuit judge had not finished the hearing of the instant case or rendered a final decision therein before making the order of reference to the circuit court commis-

sioner from which defendants took this appeal. "Unless otherwise provided by statute, a judgment, decree or order, in order to be appealable as of right, must be a final one." 7 Callaghan's Michigan Pleading and Practice, § 53.12. In the instant case the order of reference was not a final order.

Defendants' appeal taken as a matter of right was premature and improperly taken. They are not entitled to have plaintiff's bill of complaint dismissed, as prayed. The relief sought by appellants on this appeal is denied, and the cause remanded for further proceedings therein. Appellee will have costs of this appeal.

REID, C. J., and BOYLES, DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.