PERKINS & SMITH v. PERKINS & STIFF.

No. 4154. Decided May 6, 1925.

(272 S. W. 126).

Contract—Warranty—Sub-Contractor.

Plaintiffs agreed with defendants to construct a part of the highway for a county which defendants had undertaken to do by a contract under which the county was to furnish them all rock and gravel necessary therefor. The agreement, reciting defendants' contract with the county and plaintiffs undertaking to perform a part thereof, stated: "Collin County will furnish all the material, that is the rock and gravel, for said work." These words did not constitute a warranty by defendants that the county would do so, rendering defendants liable for damages to plaintiffs by delay or failure of the county to furnish such materials before plaintiff had entered on the work. (Pp. 499, 500).

Question certified from the Court of Civil Appeals for the Fifth District in an appeal from Collin County.

The Supreme Court, having referred the question to the Commission of Appeals, Section A, for its recommedation thereon, here adopts the opinion of the Commission, to be certified to the Court of Civil Appeals as its answer.

*Smith & Abernathy* and *William B. Hamilton*, for appellant.

If a party to a contract undertakes that a condition shall be performed by a stranger, and the stranger refuses to perform, this will not excuse the party so covenanting unless such refusal is procured by the other party to the contract. Hesketh v. Gray, Sayre 185, 96 Reprint 846; 13 Corpus Juris 634; Danenhower v. Hayes, 33 L. R. A. (N. S.) 698, and notes; Paradine v. Jane, Aleyn, 26; McNeill v. Reid, 9 Bing., 68; Stone v. Dennis, 3 Port. (Ala.) 231; Cobb v. Harmon, 23 N. Y., 148; Gulf Ref. Co. v. Pagach, 146 S. W., 719; Buchanan v. Exposition Co., 149 S. W., 26.

The legal effect of the language, "Collin County will furnish all the material, that is, the rock and gravel for said work", as used in said contract, constitutes a covenant and warranty on the part of appellees, Perkins & Stiff, that the rock and gravel for said work would be furnished by Collin County. Barber Asphalt Paving Co. v. City of Denver, 72 Fed., 336; Hartwell v. Fridner, 217 S. W., 231.

*Wallace Hughston*, and *Head, Dillard, Smith, Maxey, & Head*, for appellees.

Plaintiffs' petition showed on its face that the gravel on account of the failure to furnish which plaintiff brought their suit was not to

be furnished to plaintiffs by defendants, but by Collin County; and since the default, if any, in furnishing the gravel was on the part of Collin County and not of defendants, plaintiffs had no right of action against defendants because the gravel was not promptly furnished. Hartwell v. Fridner, 217 S. W., 231; Cook v. Foley, 152 Fed. Rep., 41 (Writ of Certiorari denied, 209 U. S. 543, 52 Law Ed. 919); Jones and Carey v. Gilchrist, 88 Texas, 88; Hammond v. Beeson, 112 Mo., 190, 20 S. W., 474; Price v. Garland, 3 N. M., 285, 6 Pac., 472; Twiggs v. Williams, 98 S. C., 431, 82 S. E., 676; 9 C. J., p. 709, Sections 39 and 40.

Before the Commission counsel also cited and discussed: American Surety Company v. Koen, 100 S. W., 938; Beattie v. McMullin, 67 Atl., 488; Bohm's Estate v. Hoffer, 29 Pac., 905; Bogardus v. Phoenix Mfg. Co., 120 Ill. App., 46; Buchanan v. Louisiana Purchasing Exposition Co., 149 S. W., 26; Cobb v. Harmon, 23 N. Y., 148; 28 Corpus Juris, 933; 9 Corpus Juris, 20, 21; Danenhower v. Hayes, 33 L. R. A. (N. S.) 698; Eaton v. Mayo, 118 Mass., 141; Hesketh v. Gray, Sayre, 185; Hill Mercantile Co. v. Rotan Grocery Co., 127 S. W., 1080; Hopkins v. Schallert, 195 S. W., 219; Hughes v. Peper Tobacco Warehouse Co., 139 N. C., 158, 51 S. E., 793; Jones v. U. S., 96 U. S. 24, 24 L. Ed. 644; Kenneweg v. Finney, 98 Md., 118, 56 Atl., 482; McCauley v. Cross, 111 S. W., 790; Meredith v. Bitter Root Valley Irr. Co., 141 Pac., 643; Northern Irrigation Co. v. Dodd, 162 S. W., 946; Noyes v. Butler, 108 N. W., 839; Stone v. Dennis, 3 Porter, 231; Switzer v. Baker, 95 Cal., 539, 30 Pac., 761; Taylor v. First State Bank, 178 S. W., 35; Thomas v. Wright, 98 N. C., 272, 3 S. E., 487; Van Etten v. Newton, 6 N. Y. Supp., 561, 8 N. Y. Supp. 478.

MR. PRESIDING JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate in this case is from the Court of Civil Appeals at Dallas. The following are the essential facts necessary to a discussion of the question certified:

Prior to March 8, 1920, Perkins & Stiff entered into a contract with Collin County to do certain work on the Exall Highway in that county. In said contract is was provided that the county would furnish all materials, including rock and gravel, for doing the work. By written contract dated March 8, 1920, Perkins & Stiff contracted with Perkins & Smith to do a part of this work. We quote the two most important paragraphs of that contract:

"First party has a contract with Collin County to do certain work on what is generally known as the Exall Highway, as will appear from said contract now on file with the Commissioners'

court, a skeleton copy of which is hereto attached, and second party agree and bind themselves to do and perform all of the work which is embraced in said contract in Items 6 and 14, in strict accordance and compliance with the terms and conditions, the plans and specifications, as stated in and referred to in said contract and in full compliance with the requirements of the engineer as there stated.

"Collin county will furnish all the material, that is the rock and gravel, for said work, and first party shall pay second party the sum of (here follows statement of amounts to be paid for work)."

Is is further provided that payments are to be made on monthly estimates of the engineer, with provision for retaining ten per cent, as provided in the contract with county. Second parties are required to execute a bond in the sum or $25,000.00, the sureties to be approved by first parties. It is agreed that the work will be completed in 200 working days from March 1, 1920. Paragraph 6 is as follows:

"If it should be claimed by the engineer or the commissioners court of Collin county that any of the work here called for is not or is done improperly or in violation of the contract, and if any suit should be instituted against first party on account thereof, second party agree to appear in said suit and make defense and agree that they may be sued in such suit and agree to hold first party harmless in all respects by reason of any failure or alleged failure to comply with this contract and to save harmless first party from any liability for injuries or damages arising from negligence of second party."

Paragraph 7 provides that all work is to be done under supervision of the engineer in charge.

It is claimed by Perkins & Smith that in pursuance of said contract they equipped themselves with all necessary tools, machinery, etc., and entered upon the discharge of said contract. That they placed the rock or stone upon a part of said road, and were then stopped from said work and prevented from completing the same on account of Collin county failing to furnish the gravel necessary for the work to be done. They claim that they were ready and willing to do the work, but were prevented from doing so by failure of the county to furnish gravel, and were thereby damaged in a large sum.

This suit was instituted by Perkins & Smith against Perkins & Stiff and against Collin county. The basis for liability against the county is the allegation that in the contract between the county and Perkins & Stiff the county had warranted to furnish the gravel to said Perkins & Stiff, and that the county had breached this part of the contract by failing to deliver the gravel. The basis of action against Perkins & Stiff is in the following allegation:

"That item two (2) of said contract (that is the contract between Perkins & Stiff and Perkins & Smith) provided that Collin county will furnish all the material, that is, rock and gravel, for said work. That the same constituted a warranty on the part of defendants that Collin county would furnish in due time and at the places called for in said contract all of the material including rock and gravel for the completion of said work."

It is further alleged "that plaintiffs were stopped from said work on account of Collin county's failure to furnish the gravel, as defendants had guaranteed said county would do."   Also:

"That the defendants and Collin county each wholly failed and refused to furnish the gravel, as both the defendants and Collin county warranted they would do, by reason whereof the engineer in charge of said road stopped the work on said road, and that Collin county nor the defendants at any time ever furnished any gravel to go on said road until long after the time had elapsed within which these plaintiffs and defendants were required under their respective contracts to have said road completed."

A general demurrer was sustained to the petition.  The question raised by the demurrer was that there was no covenant, agreement or warranty on the part of Perkins & Stiff, in their contract with Perkins & Smith, that bound them to see that Collin county furnished the gravel for the work to be done, and that would subject them to liability on account of the failure of the county to furnish the gravel.  The question certified by the Court of Civil Appeals is as follows:

"What was the legal effect of the language, 'Collin county will furnish all the material, that is, the rock and gravel for said work,' as used in said contract, as to whether or not same did, or did not, constitute a covenant or warranty on the part of the appellees Perkins & Stiff that the rock and gravel for said work so contracted to be performed by appellants would be furnished by Collin county?"

If the language referred to were sufficient to constitute a contract, we think it would come nearer being a warranty, as that term is sometimes defined, than a guaranty.  But however it may be designated, it is evident that it must have the legal effect of a contract in order to create liability on the part of appellees.

We do not think there is any doubt but what the contract between Collin county and Perkins & Stiff, by reason of the stipulations and references in the contract between Perkins & Stiff and Perkins & Smith, became a part of that contract.  However, as we view the matter this is not material to a decision of the question here presented, because it is admitted that Collin county was to furnish the

gravel for doing the road work, and there is no contention that there was any contractual obligation on the part of Perkins & Stiff to furnish same. It is only claimed that there was a warranty on their part that Collin county would furnish the gravel, which was breached, and they thereby became liable.

We have been unable to find any authority which aids in construing the language in question. However, it is but a matter of arriving at the intention of the parties, as disclosed by a consideration of the entire contract, in the light of all attending circumstances. There is a general proposition which may be stated thus:

While the use of the word warrant is not indispensable and no particular form or expression is necessary for the creation of a warranty, yet the language employed by the parties, when interpreted according to the ordinary rules of construction, must indicate with at least reasonable certainty an intention to enter into a contract of warranty; or such intention must be clearly implied from the language used and the whole situation of the parties.

Tested by this rule, we are unable to see how the language in question can be construed to be a warranty, or a contractual covenant on the part of Perkins & Stiff, the breach of which would subject them to liability. The language used does not show that Perkins & Stiff undertook to assume any obligation whatever. If it had been the intention of the parties to create a warranty they could have easily done so by the use of the words "warrant" or "guarantee", or words of a similar import clearly indicating such intention. Nor do we think that the circumstances are such as to require this intention to be read into the contract by implication. The first paragraph of the contract designates the work to be done and the obligation on the part of Perkins & Stiff to do it. The clause in question is introductory to the paragraph which fixes the obligations of Perkins & Stiff. We think it was intended to negative the idea that Perkins & Stiff were under any obligation to furnish the materials for the work. To emphasize the absence of responsibility on the part of these parties to furnish the rock and gravel, as provided by the contract with the county, it is recited that "Collin county will furnish all the material." This is a natural conclusion from the language, and furnishes a reasonable explanation of why it was put in the contract. This conclusion may possibly result in hardship, but a court cannot make a contract for parties when they had opportunity to make it for themselves, and failed to do so.

We answer that the language quoted by the Court of Civil Appeals did not constitute a covenant or warranty on the part of appellees that the rock and gravel would be furnished by Collin county.

The opinion of the Commission of Appeals answering certified questions is adopted, and ordered certified to the Court of Civil Appeals.

*C. M. Cureton,* Chief Justice.