## STONE v. WHITT.

### No. 3105.

Court of Civil Appeals of Texas. Waco.

July 16, 1953.

Rex Houston and Gordon R. Wellborn, Henderson, for appellant.

Dodson & Reagan, Marlin, for appellee.

McDONALD, Chief Justice.

This is an appeal from an order of the District Court of Falls County overruling a Plea of Privilege. Mrs. Lester Whitt, Appellee, sued V. B. Stone, Appellant, for damages, alleging that V. B. Stone, without permission, negligently drove a heavily loaded truck over Appellee's private road in Falls County, and in so doing broke in and destroyed a bridge on said road, to Appellee's damage in the amount of $291.-20. Appellant filed a Plea of Privilege to be sued in Rusk County, his place of residence. Appellee controverted the Plea of Privilege contending that venue was in Falls County by virtue of the trespass provision of Subdivision 9, Article 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 9. On the trial, Appellee's proof was that the truck was driven by an employee of V. B. Stone, and not by V. B. Stone himself, as alleged in Appellee's pleading and controverting plea.

Trial was before the court, which overruled the Plea of Privilege, and Appellant appeals to this court contending that Appellee had failed to *"allege and prove"* that Appellant V. B. Stone was guilty of a trespass in Falls County, Texas.

This appeal presents 2 basic questions for determination: 1) In a suit arising out of tort, can the plaintiff plead his cause of action alleging negligence committed by the principal, and under such pleadings introduce evidence of the wrongful acts committed by the agent? 2) If the 1st question be answered in the affirmative, then was the evidence sufficient in this case to establish a trespass committed by the agent of V. B. Stone, in Falls County, while acting within the course and scope of his employment?

Allegations charging a defendant with negligence may be supported by proof of negligence of the defendant's employee. See: Jackson v. Dickey, Tex.Com.App., 281 S.W. 1043; Freeman v. Texas Bread Co., Tex.Civ.App., 111 S.W.2d 307.

It was therefore incumbent on the Appellee to establish by proof: 1) That the person driving the truck was the agent of V. B. Stone, Appellant; 2) That such agent was acting within the course and scope of his employment; 3) and that as such he committed a trespass against Appellee in

Falls County, for which she has a cause of action. See: Brown Express Co. v. Arnold, 138 Tex. 70, 157 S.W.2d 138.

A review of the evidence in the case at bar reflects that the witness J. N. Williams testified that he was engaged in drilling an oil well on the Whitt property; that he and others had ordered some oil well equipment from V. B. Stone, Appellant; that Stone was to deliver the supplies on the premises and install them; that the supplies were delivered by one of Stone's men; that a truck came on the Whitt property and broke the bridge in; that the truck had on it the supplies ordered from Stone; that the driver of the truck immediately after the truck broke the bridge in told him that the truck belonged to Stone and that Stone had insurance and would pay for putting the bridge back.

■ Counsel for Appellant objected to testimony of J. N. Williams relating that the driver of the truck told him that the truck was Stone's—who had insurance and would pay for putting the bridge back. The court overruled the objection and admitted the testimony. This testimony was admissible under the circumstances, as res gestae and as the same was not in any way controverted, is sufficient to show that the truck belonged to Stone. See: Highway Motor Freight Lines v. Slaughter, Tex.Civ. App., 84 S.W.2d 533. In the absence of controverting testimony, the circumstances as to the delivery by this truck of materials ordered from Stone and which were to be delivered and installed by Stone, are sufficient to establish that the driver was acting within the course and scope of his employment.

Mrs. Whitt testified that the bridge was located on a private road on her property in Falls County and that it was broken in and destroyed. The fact that the truck was shown to have been driven onto the bridge and broke the bridge in establishes a trespass.

No controverting testimony was offered by the Appellant.

In the case at bar it was the Trial Court's judgment that the testimony was sufficient to establish: 1) the fact that the person driving the truck was the agent of V. B. Stone, Appellant; 2) that such agent was acting within the course and scope of his employment, and 3) that as such he committed a trespass against Appellee in Falls County, for which she has a cause of action.

■ The rule is that the order and judgment of the Trial Court cannot be set aside if there is *any* evidence of a probative value to support it. It is therefore only necessary to determine whether there is *any evidence* of probative value to support the holding of the Trial Court. Under the record made we are unable to say that there is *no* testimony or evidence of a probative nature supporting the Trial Court's judgment. Neither can we say that the evidence is insufficient as a matter of law to support the finding and judgment of the Trial Court. We believe that the Trial Court is sustained by the evidence. See: Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Couch v. Schley, Tex.Civ. App., 255 S.W.2d 885; Massey v. Jones, Tex.Civ.App., 259 S.W.2d 646.

We answer both basic questions in the affirmative. All of Appellant's points are overruled and the judgment appealed from is affirmed.