David BENSON et al., Appellants,

v.

Harold Glen HANEY et ux., Appellees.

No. 3891.

Court of Civil Appeals of Texas.

Eastland.

June 26, 1964.

Simon & Simon, Sheldon Anisman, Ft. Worth, for appellants.

George R. Edwards, Marvin Lewis, Dallas, for appellees.

GRISSOM, Chief Justice.

Janie Lee Haney, while employed as a waitress in a restaurant in Dallas County, walked around a counter, slipped in a puddle of water on the restaurant floor, fell and was injured. She and her husband sued David Benson and Raymond Nichols, who were alleged to be doing business as Lone Star Drive In Restaurants, for damages. Benson and Nichols filed pleas of privilege to be sued in Tarrant County, where they reside. Their pleas were controverted by allegations that they had committed a trespass in Dallas County and, therefore, suit could be maintained in Dallas County under Vernon's Ann.Civ.St., exception 9, Article 1995. The pleas of privilege were overruled. Benson and Nichols have appealed.

Benson and Nichols had some relationship to a corporation, with a different name than that alleged by plaintiffs, that owned the restaurant and Benson owned the controlling interest therein. Mrs. Haney's testimony was to the effect that as she walked around a counter she slipped and fell in a puddle of water on the restaurant floor; that she did not know how the water got on the floor, nor how long it had been there but that she had been by that spot several times on the day of the accident and had not seen it; that employees of the restaurant corporation were mopping the floor at the time, but they had not mopped, and were not then mopping, the place where she fell.

To maintain the suit in Dallas County appellees had the burden of proving by a preponderance of the evidence the commission of a trespass by appellants in that county. Article 1995, subdivision 9, as amended Acts 1953, 53rd Legislature, p. 390.

The Supreme Court of Texas, in 1891, held that trespass embraced only actions for such injuries as result from wrongful acts willfully or negligently committed and did not include those which result from a mere omission of duty. Ricker v. Shoemaker, 81 Tex. 22, 16 S.W. 645. See also City of Mineral Wells v. McDonald, 141 Tex. 113, 170 S.W.2d 466 and 29 Tex. Law Review 518. But, by the amendment of subdivision 9 of Article 1995 in 1953, it was provided that "This subdivision shall not apply to any suit based upon negligence per se, negligence at common law or any form of negligence, active or passive." Therefore, the meaning of trespass has been restricted by statute so that it does not now include any form of negligence. There was no evidence that appellants did anything which had any possible connection with the water being on the floor or appellee's injury.

There was no evidence of the venue facts that are required to be established to maintain the suit against appellants in Dallas County under subdivision 9, Article 1995. The case was fully developed on the venue question. The judgment is reversed and the case is ordered transferred to Tarrant County. Lanford v. Smith, 128 Tex. 373, 99 S.W.2d 593, 594; Odom v. Parker, Tex. Civ.App., 173 S.W.2d 328; Keystone-Fleming Transport, Inc. v. City of Tahoka, Tex. Civ.App., 277 S.W.2d 202, 211; Chiles v. Goswick, Tex.Civ.App., 225 S.W.2d 407, 410, affirmed 148 Tex. 306, 225 S.W.2d 411.