**Dr. Jerry E. MILLER, Appellant,**

**v.**

**W. T. COZART, Appellee.**

No. 16573.

Court of Civil Appeals of Texas.

Dallas.

July 23, 1965.

Rehearing Denied Oct. 1, 1965.

Carrington, Johnson & Stephens and Ronald L. Neill, Dallas, for appellant.

Baker, Jordan, Shaw & Foreman, Dallas, and Robert R. Hendricks, McKinney, for appellee.

BATEMAN, Justice.

Our former opinion is withdrawn and the following published in its stead.

The appellant Dr. Jerry E. Miller appeals from an order overruling his plea of privilege to be sued in the county of his residence in a suit filed against him in Collin County. The appellees W. T. Cozart and wife sued him for damages resulting from a collision of an automobile occupied by them with a calf owned by him. Appellees assert that venue lay in Collin County under Subdivision 9a of Vernon's Ann.Civ.St. Art. 1995. The trial court overruled the plea of privilege, but filed no findings of fact or conclusions of law.

Appellant, a resident of Dallas County, owned seven cows and calves which he customarily kept on a small pasture in Collin County under the care of an employee named Ramsey. The pasture was enclosed by a five-strand, barbed wire fence which stood about shoulder-high and which had no gates except one in the southeast corner where the pasture adjoined a yard surrounding a dwelling on the premises. Ramsey lived on the place and said he checked the fences regularly and made repairs when needed. No devices were put on the cattle to keep them from going through or under a fence. Ramsey said he had been in Dallas that day and returned home about 5:00 to 5:30 p. m., at which time all of the cattle were within the pasture.

The collision occurred September 16, 1961 at about 7:00 p. m. on a farm-to-market road in Collin County. The Cozarts were in an automobile on their way to Dallas. Cozart, who was driving, saw about five of appellant's cattle on the side of the road. One of them ran up on the road directly in front of his car and he collided with it. This was approximately a half mile from the pasture. The testimony as to the condition of the fences was conflicting and will be summarized later in this opinion.

The right of a defendant to be sued in the county of his residence is a valuable right, of which he should not be deprived unless the plaintiff carries the burden of alleging and proving that the case clearly comes within one of the exceptions listed in the subdivisions of Art. 1995. A. H. Belo Corp. v. Blanton, 133 Tex. 391, 129 S.W.2d

619. He must do more than merely make out a prima facie case; he must establish by a preponderance of the evidence the "venue facts" necessary to bring the case within the exception. Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91; Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63.

■ Subdivision 9a of Art. 1995 provides that a negligence suit may be brought in the county where the negligence occurred. It spells out in detail the venue facts which the plaintiff must establish "by the preponderance of the evidence," viz.: (1) that the negligence occurred in the county of suit, (2) was the act or omission of the defendant or of his servant, agent or representative acting within the scope of his employment, and (3) was the proximate cause of the plaintiff's injuries. By his first four points of error on appeal the appellant says there was no evidence or, alternatively, insufficient evidence, to prove negligence on the part of appellant or his servant, Ramsey, and that such negligence, if shown, was a proximate cause of the injuries complained of.

■ In reviewing an order overruling a plea of privilege, unaccompanied by findings of facts by the trial court, we begin with the premise that the trial court has found every issuable fact in support of the order. "On appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment." James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323. In passing on the appellant's points that there is no evidence to support certain implied findings of the trial court, we must consider only that evidence most favorable thereto and disregard entirely that which is to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 613; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 100.

The trial court impliedly found that Mrs. Cozart's injuries were proximately caused by negligence of appellant or his employee,

and appellees argue that the circumstantial evidence is sufficient to support the trial court's implied finding of such negligence, in that, *inter alia*, appellant failed to maintain adequate facilities for the confinement of the cattle to the pasture.

■ Appellant owed a continuing duty to exercise ordinary care to prevent the cattle from escaping and creating hazardous conditions upon highways. Cozart testified to the condition of the fences when he inspected them several days after the accident, and Ramsey testified they were then in the same condition they were in on the night of the accident. Cozart testified that the fence had "stretched like the cattle had been going through it," that "it looked like cattle could just walk up and go through it nearly anywhere"; that "the barbed wire was actually drooping and leaving spaces so the cattle could get through"; that the fence was in bad shape, was "sagged and it looked like the cattle had been pushing on it quite a bit"; and that in his opinion the cattle could have gotten through the fence without any trouble.

■ Negligence in such cases, like any other fact issue, may be proved by circumstantial evidence, and the trier of the facts may properly consider such inferences as may reasonably be drawn from the facts proved. International & G. N. R. Co. v. Finger, Tex.Civ.App., 16 S.W.2d 132, wr. dism.; Comet Motor Freight Lines v. Holmes, Tex.Civ.App., 175 S.W.2d 464, wr. ref. w. m. And if there is any evidence in the record to sustain the trial court's findings we cannot substitute our findings therefor. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W.2d 972, 977. Bearing these rules in mind, it is our opinion that this testimony, taken at face value and without regard to the opposing testimony, is some evidence in support of the implied finding of negligence. We also find that, considering the entire record, the evidence was sufficient to support it. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

We likewise conclude that there was evidence of probative value, and that it was sufficient, to support the implied finding that such negligence was a proximate cause of Mrs. Cozart's injuries. The accident occurred within less than two hours after the cattle were seen in the pasture and approximately half a mile away from the pasture. Therefore, there was not remoteness of either time or distance. Moreover, we think the element of foreseeability is likewise shown by the evidence; Ramsey must be charged with knowledge that if the cattle escaped they would probably endeavor to cross a highway and become a traffic hazard. Proximate cause, like negligence, may be established by circumstantial evidence. Bock v. Fellman Dry Goods Co., Tex.Com.App., 212 S.W. 635, 637. "The rule of foreseeability * * * does not require anticipation of the full details of an accident." City of Abilene v. Fillmon, Tex. Civ.App., 342 S.W.2d 227, 231, wr. ref. n. r. e.

Appellant's first four points of error are overruled.

By his fifth point of error appellant says there was no evidence to show that he was guilty of negligence per se by violating certain criminal laws, as had been alleged by appellees. The latter concede the absence of any such evidence. The point is therefore sustained. However, as we have already approved the trial court's implied finding of actual negligence, our sustaining of this point will not require a reversal.

In his sixth point appellant asserts error in the exclusion of Cozart's testimony, proffered on cross-examination, as to his rate of speed. This point is without merit. In the first place, the question of whether Cozart may have been guilty of contributory negligence was of no moment in this venue hearing; all that was involved were the venue facts specified in Subdivision 9a of Art. 1995, relating only to the appellant's negligence. In the second place, the record contains no bill of exceptions showing what the answer of the witness would have been. We are not permitted to guess that the answer would have been both material and harmful to appellant. J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698. The point therefore presents nothing for review. For these two reasons the sixth point is overruled.

The order overruling appellant's plea of privilege is

Affirmed.