William Thomas STOGNER, Appellant,

v.

Elizabeth Kay GEIS et al., Appellees.

No. 184.

Court of Civil Appeals of Texas.

Tyler.

Dec. 2, 1965.

Rehearing Denied Jan. 6, 1966.

James C. Tubb, Akin, Vial, Hamilton, Koch & Tubb, Dallas, for appellant.

Robert G. Bush, Slagle & Kennedy, Nance & Caston, Sherman, for appellees.

SELLERS, Justice.

This is an appeal from an order overruling the Plea of Privilege of Appellant Stogner to be sued in Dallas County where he lives in the suit filed against him in Grayson County by the heirs of Mr. and Mrs. Milton A. Geis who were killed in the collision which occurred on June 8, 1963, between the car operated by Stogner and the one operated by Mr. Geis and wife.

The controverting Plea of Privilege seeks to maintain venue in Grayson County under Exception 9a of Article 1995, Revised Civil Statutes of Texas.

To maintain venue in Grayson County, appellees were required to prove that negligent acts of Stogner were committed in Grayson County and that such negligence was the proximate cause of the fatal injuries of Mr. and Mrs. Geis.

There are a number of negligent acts alleged in the appellees' petition, which petition is made a part of the controverting Plea of Privilege. The negligence that we think finds ample support in the evidence is that the appellant was guilty of negligence per se in that he drove his car across the center line of Highway 75 into the lane of the traffic going the opposite direction than that which Stogner was driving.

We are not without an eye witness to the accident. Professor Harkey, who teaches in S. M. U., relates that he was on his way from Sherman to Dallas, traveling south on Highway 75; that he first saw the appellant's car approaching him from the south; that the car was on the east side of the highway in its proper lane of traffic and was some 300 yards distance from him; that at the time he first observed the car, it was apparently out of control but the car was straightened up and came on up to where the witness was almost opposite the Stogner car when Stogner suddenly crossed the center line of the highway, striking the rear end of the witness's car and going some 27 feet before the Geis car was col-

lided with. All of the collisions took place on the west side of Highway 75 in Grayson County, thus placing Stogner in the wrong lane of traffic. This collision occurred about 9 o'clock at night. Professor Harkey said that the Stogner car was having some mechanical trouble when he first saw it; that sparks were coming from the car, but the car was kept on its side of the highway until just before the collision. It developed that an axle had broken on the Stogner car and a right rear wheel came off the Stogner car and there were skid marks on the pavement where Stogner applied the brakes just before his car crossed the center line of the highway. There was a lady riding with Mr. Stogner who was killed in the collision and Stogner himself was struck with such force that he does not now remember anything that happened at the time of the collision.

The physical facts above related were corroborated by a highway patrolman who arrived on the scene some 30 minutes after the collision occurred.

The trial court did not make finding of fact or conclusions of law; therefore, we must view the evidence in the most favorable light in support of the judgment of the trial court. James v. Drye, 159 Tex. 321, 320 S.W.2d 319.

In passing on the appellant's points that there is no evidence, or, in the alternative, insufficient evidence to support certain implied findings of the trial court, we must consider only the evidence most favorable thereto and disregard entirely that which is to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97.

While we have only set out a part of the evidence, we have reviewed the entire record and find that the evidence was sufficient to support the judgment of the trial court.

The evidence shows that the Geis car had been trailing Professor Harkey's car for some time prior to the collision. Appellant Stogner says that the collision would not have occurred if the Geis car had not been driving too close to the car of Professor Harkey. In other words, that the driver of the Geis car was guilty of contributory negligence. The issue cannot be determined on an appeal from a ruling on venue. Miller v. Cozart, Tex.Civ.App., 394 S.W.2d 22.

The judgment overruling the appellant's Plea of Privilege is affirmed.