**H. J. COOPER, Appellant,**

v.

**E. J. HOUSE et al., Appellees.**

**No. 310.**

Court of Civil Appeals of Texas.

Tyler.

Nov. 30, 1967.

Rehearing Denied Dec. 28, 1967.

Garrison, Renfrow, Zeleskey, Cornelius & Rogers, Lufkin, John Cely, Ralph M. Zeleskey, Lufkin, of counsel, for appellant.

Gordon Wellborn & Rex Houston, Ken McConnico, Henderson, for appellees.

MOORE, Justice.

This is an appeal from an order overruling a plea of privilege. Plaintiffs, E. J. House, Don H. Irby and Peggy Jo Barker, acting individually and as next friends of their minor children, brought this suit against H. J. Cooper in Rusk County, Texas, for damages for personal injuries sustained by their minor children as the result of an automobile accident occurring within said county. Plaintiffs alleged in their petition that the collision and resulting injuries were

proximately caused by the negligent acts and omissions of the defendant in (1) failing a keep a proper lookout; (2) failing to continue to drive his automobile upon the paved surface of the highway; (3) failing to yield the right-of-way; (4) failing to make the proper application of his brakes; (5) failing to turn his automobile; and (6) operating his automobile at an excessive rate of speed.

Defendant Cooper filed a plea of privilege asserting venue in Jefferson County, Texas, the place of his residence. Plaintiffs answered by filing a controverting plea, seeking to hold venue in Rusk County under the provisions of Subd. 9a, Art. 1995, Vernon's Ann.Tex.Civ.Stat.

The judgment is assailed by 39 points of error asserting that there is no evidence to support the trial court's implied findings and that such findings are contrary to the overwhelming weight and preponderance of the evidence.

■ Under the provisions of Subd. 9a of Art. 1995, supra, in order for the plaintiffs to sustain venue in Rusk County, plaintiffs were required to prove that defendant was guilty of an act or omission of negligence in said county, which proximately caused plaintiffs' injuries. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.17.5; Campos v. Smith (Tex.Civ.App.), 386 S.W. 2d 823.

■ In passing on appellant's points that there is no evidence, or, in the alternative, insufficient evidence, to support certain implied findings of the trial court, we must consider only the evidence most favorable to the judgment and disregard entirely that which is to the contrary. Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114; Stogner v. Geis (Tex. Civ.App.), 397 S.W.2d 494.

When viewed in a light most favorable to the judgment, the evidence shows that the accident occurred on Saturday, October 22, 1966, at approximately 3:20 P.M. on Highway 84, approximately five or six miles west of the City of Mt. Enterprise, within Rusk County, Texas. The highway at the point of the collision runs generally in an east and west direction. The evidence further shows that Rex Lynn House, age 18, son of the plaintiff, E. J. House, earlier on the date of the accident had driven several of the plaintiffs' minor children to a birthday party, and at the time of the accident was in the process of returning the children to their homes. In returning the children to their respective homes, Rex Lynn House, who was not made a party to this suit, was driving a Rambler automobile owned by his father. Shortly before the accident, he had driven east on Highway 84 until he came to the home of plaintiff, Don H. Irby, which was situated on the south side, or right-hand side of the highway. He then headed his automobile into the driveway and drove approximately ten or eleven yards where he stopped and let some of the children out. Directly across the highway from the Irby driveway was the driveway of another home where House was intending to deliver other children. Rather than turn around, House decided to back his automobile in a northerly direction across the highway and back into the driveway on the other side of the highway. He testified that when he had backed to a point near the pavement, he stopped and looked in both directions; not seeing another vehicle, he backed upon the highway; that at about the time his back tires were in the center of the highway, he heard one of the other children say "Here comes another car." Upon seeing the defendant's automobile approaching from his right, he testified that he immediately accelerated his speed backward to ten or eleven miles per hour in order to get out of the path of the oncoming vehicle and continued backing in a northerly direction until he was approximately eighteen to twenty feet off the traveled portion of the highway, at which time defendant's automobile collided with the right rear side of his automobile.

Defendant, H. J. Cooper, testified that he first saw plaintiff's Rambler automobile when it was approximately fifteen feet south of the highway and backing toward the highway. He testified that he recognized at that time that the automobile might back into the highway. He says that at that time he was approximately 100 feet west of the plaintiff's automobile and was traveling at a speed of approximately fifty to fifty-five miles an hour; that at this point, he sounded his horn and applied his brakes, but did not put them on too tight, thinking the Rambler automobile would stop. Upon realizing that the automobile was going to proceed across the highway, he testified that he veered to his left and applied his brakes but was unable to stop prior to the collision. In tracing the path of his automobile after he first sighted the plaintiff's automobile, he testified that he traveled roughly twenty-five to forty feet on the paved surface of the highway and twenty to twenty-five feet on the gravel shoulder on the left-hand side of the highway and another eighteen to twenty feet on the unpaved shoulder to the point of the impact.

While we have set out only a part of the evidence, we have reviewed all of the evidence and have concluded that there was sufficient evidence to support the judgment of the trial court. Although there was evidence from which the trial court might have been justified in finding to the contrary, the evidence was conflicting. It is well settled that where the evidence is conflicting and there exists in the record evidence of sufficient probative force to support the judgment of the trial court, then the judgment should not be disturbed on appeal. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97; Jess Edwards, Inc. v. Foley (Tex.Civ.App.), 321 S.W.2d 328; Triangle Truck Line, Inc. v. Kelley (Tex.Civ.App.), 344 S.W.2d 520. Appellant's no evidence points are overruled.

After considering and weighing all the evidence in the record, both that which is favorable to appellant as well as that which is unfavorable, we have concluded that the judgment is not so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong.

The judgment of the trial court is affirmed.