Joe Don BOYD et al., Appellants,

v.

THOMPSON–HAYWARD CHEMICAL COMPANY et al., Appellees.

No. 437.

Court of Civil Appeals of Texas, Tyler.

Jan. 22, 1970.

Rehearings Denied Feb. 19, 1970.

Brock, Wright, Waters & Galey, Charles E. Galey, Lubbock, for Joe Don Boyd.

Brown & Harding, Derry D. Harding, Lubbock, for M. H. Kinard, Gaylord Kinard and Henry Kinard.

Crenshaw, Dupree & Milam, Cecil Kuhne, Max C. Addison, Lubbock, for Thompson-Hayward Chemical Co.

Huff & Bowers, Forrest Bowers, Lubbock, for D. T. Richardson, Joe Hodge and Claude Drennan.

MOORE, Justice.

This is a venue case arising out of a multiple party action for damages to growing crops allegedly caused by defendants' spraying a chemical weed killer on their farm which drifted over on plaintiffs' adjacent farms damaging plaintiffs' cotton crop. The farm lands involved are situated in Cochran County, Texas. The litigation commenced when plaintiffs Richardson and Hodge and also plaintiff Drennan filed their suit in Cochran County against defendants, M. H. Kinard, Gaylord Kinard and Henry Kinard, hereinafter referred to as the Kinards, for damages. The Kinards intervened but did not file a plea of privilege. The two suits against the Kinards were subsequently consolidated. Thereafter the Kinard defendants filed a third party action against Joe Don Boyd, the aerial pilot who conducted the spraying operation, seeking contribution and indemnity. Joe Don Boyd, the pilot, filed a plea of privilege to be sued in Lubbock County, the county of his residence. Thereafter, Joe Don Boyd and the Kinards also filed a third party action against Thompson-Hayward Chemical Company, the manufacturer of the chemical used in the spraying operation, seeking contribution and indemnity. Thompson-Hayward Chemical Company also filed a plea of privilege to be sued in Dallas County, the county of its residence. Subsequently, the plaintiffs amended their petition so as to include both Joe Don Boyd and the chemical company as party defendants in their main action for damages.

After a hearing before the court without a jury, the trial court overruled the plea of privilege of Joe Don Boyd, and sustained the plea of privilege of Thomp-

son-Hayward Chemical Company and transferred both cross-actions asserted aganist it to Dallas County.

Appellant Boyd brings this appeal from the action of the trial court in overruling his plea of privilege. He also appealed from the action of the trial court in sustaining the plea of privilege of the chemical company. Appellants Kinard appeal from the action of the trial court in sustaining the plea of privilege of the chemical company. Plaintiffs did not perfect an appeal. For convenience the parties will be frequently referred to herein by their last name or by their designation in the trial court.

### JOE DON BOYD VS. PLAINTIFF AND DEFENDANT LANDOWNERS

We will first discuss the appeal of the pilot, Joe Don Boyd, from the order overruling his plea of privilege asserted against the (1) causes of action alleged against him by the plaintiff, and (2) causes of action alleged by his employer, the Kinard defendants for contribution. With respect to this branch of the appeal, the pleadings at the time of the hearing on the plea of privilege stood in this posture: Appellant, Joe Don Boyd, went to trial upon his plea of privilege asserting his right to be sued in Lubbock County, the county of his residence. Plaintiffs went to trial upon a petition alleging numerous acts of negligence committed by both Joe Don Boyd and his employer the Kinard defendants in the spraying operation in Cochran County, to-wit:

1. In applying said chemical or herbicide with an airplane equipped with a spray unit;

2. In spraying said crop lands at a time when the wind and other weather conditions caused the same to drift, blow upon and settle upon plaintiffs' cotton;

3. In applying a chemical weed spray or herbicide to crop lands situated so close to plaintiffs' cotton;

4. In using a chemical with characteristics of excessive drifting and blowing;

5. In failing to add a deisel fuel or some other similar compound as a base to the spray to lessen the danger of drifting and blowing of the 2-4-D and/or 2-4-5-T.

Plaintiffs' controverting affidavit replying to Boyd's plea of privilege alleging among other exceptions that venue was maintainable in Cochran County under exception 9a of the venue statutes, adopting the specific acts of negligence alleged in their main suit. Defendant landowners, the Kinards, went to trial upon a petition seeking contribution and indemnity from Boyd, their pilot, on the ground that he was an independent contractor and was guilty of negligence in conducting the spraying operation. In their controverting affidavit to Boyd's plea of privilege they allege that he was negligent in conducting the spraying operation by adopting the allegations of the plaintiffs' petition charging specific acts of negligence in Cochran County. The only specific venue exception named in their affidavit was exception 29a.

Our venue statute, Article 1995 Vernon's Ann.Tex.Civ.St. provides that no person shall be sued out of the county of his residence unless the action falls within certain enumerated exceptions.

Section 9a provides, in part, as follows:

"A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive, may be brought in the county where the act or omission of negligence occurred. * *"

Appellant Boyd contends first that the trial court erred in overruling his plea of privilege asserted against the plaintiffs because the plaintiffs offered no evidence showing that he was guilty of any negligence in Cochran County proximately causing the damages complained of, and alternatively that such evidence, if any, was insufficient.

The record is before us without findings of fact or conclusions of law. Therefore in our review of the order overruling the plea of privilege, we must begin with the presumption that the trial court found every issue of fact in support of the judgment. James v. Drye, 159 Tex. 321, 320 S.W.2d 319. In passing on the appellants' points that there is no evidence to support the implied findings, we must consider only that evidence most favorable thereto and disregard entirely that which is to the contrary. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99; Brown Company v. Terrell, 310 S.W.2d 757, (Tex.Civ.App., Amarillo, 1958, n. w. h.); Miller v. Cozart, 394 S.W.2d 22, (Tex.Civ.App., Dallas, 1965, n. w. h.).

When viewed in a light most favorable to the judgment, the evidence shows that Boyd was employed by the Kinards as an independent contractor to conduct spraying operations on their farm by the use of an airplane. The substance used was an amine salt, 2, 4–D, weed killer. The label on the container stated that under no circumstances should the herbicide be used in the vicinity of cotton, or severe damage may result. It also warned: "Do not apply on a windy day. Extreme care must be exercised to prevent drifting during application". Appellant-Boyd admitted that he read the label and knew that there was cotton in the area of the Kinards' farm. Plaintiffs, whose farm was approximately a mile away, offered testimony showing that spraying was usually conducted with the plane about five or six feet above the crops, but on this occasion Boyd sprayed at approximately forty or fifty feet high, and on some occasions when he crossed over the property lines and turned around, he went approximately one thousand feet high without turning off the spray. Plaintiff, D. T. Richardson, testified that while working in his field he saw the plane flying high and could actually smell the herbicide and had to leave his field because he was allergic to the spray. Plaintiffs offered other testimony showing that it was windy and that the wind in the area often changed direction. Boyd admitted that he knew the herbicide would be likely to drift on a windy day, and on each of the three days of spraying operations he had to quit because he felt the wind was getting high and would cause the spray to drift. Plaintiff Drennan testified that in his opinion the damage to his cotton was caused by wind and weather causing the spray to drift. Plaintiffs offered other testimony showing that the damage to their cotton was of the type that would likely be caused by the herbicide in question.

The trial court impliedly found that appellant Boyd failed to exercise ordinary care in applying the spray, and as a direct and proximate result the spray drifted to the plaintiffs' farm causing damage to the cotton.

While we recognize that the evidence was mostly circumstantial, we nevertheless believe it to be sufficient to support the judgment. Negligence and proximate cause, like any other fact issue, may be proved by circumstantial evidence, and the trier of the fact may properly consider such inference as may reasonably be drawn from the facts proved. International & G. N. R. Co. v. Finger, 16 S.W.2d 132, (Tex.Civ.App., Austin, 1929, writ dismissed); Miller v. Cozart, supra. When viewed in a light most favorable to the judgment, we believe the facts and inference arising from them are sufficient to support the trial court's presumed finding that appellant Boyd was guilty of negligence in allowing the herbicide to drift upon the lands proximately causing damage to the plaintiffs' cotton crop in Cochran County. Furthermore, after weighing all of the evidence, we have concluded that we would not be justified in ruling that the judgment is against the overwhelming weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Accordingly, the judgment overruling appellant Boyd's plea of privilege asserted against the plaintiffs' cause of action is affirmed.

Boyd next contends that the trial court erred in overruling his plea of privilege asserted against the cross-claim for contribution and indemnity filed against him by his employer, the Kinards. Boyd argues that the Kinards cannot rely upon exception 9a because their controverting plea was defective in that they did not specifically state that they were relying on Section 9a and neither alleged or adopted from other pleadings any specific acts of negligence showing that they relied upon exception 9a. We do not agree. While the Kinards' controverting plea did not specifically mention Section 9a, it did generally allege negligence on the part of Boyd and adopt by reference, the plaintiffs' amended petition enumerating various specific acts of negligence on the part of Boyd. We hold this to be sufficient.

It is not necessary to name the section of the venue statute relied upon, so long as the pleadings specifically allege facts making out a cause of action under one of the exceptions mentioned in the statute. 59 Tex.Jur.2d, Sec. 169, p. 631; Rule 86 T.R.C.P., Hunt Oil Company v. Murchison, 352 S.W.2d 365, (Tex.Civ.App., Eastland, 1961, n. w. h.); Southern County Mutual Insurance Co. v. Douglas, 392 S.W.2d 599, (Tex.Civ.App., Waco, 1965, err dism.). It has long been the recognized rule that a party may incorporate other pleadings in his controverting plea by express reference to and adoption of its allegations. Cogdell v. Martin, 176 S.W.2d 982, (Tex.Civ.App., Ft. Worth, 1943, n. w. h.); Rule 58 Texas Rules of Civil Procedure. Having thus properly adopted other pleadings alleging a cause of action for negligence, the Kinards' controverting affidavit was sufficient to state a cause of action under exception 9a. The same proof offered in support of the plaintiffs' allegation of negligence against Boyd was offered in behalf of the Kinards. They also offered evidence showing that Boyd was an independent contractor. Since we have heretofore ruled that such evidence was sufficient to support a cause of action for negligence, and was not against the great weight of the evidence, we likewise conclude that the Kinards established a cause of action for negligence on their cross-action. Consequently the judgment overruling Boyd's plea of privilege asserted against the Kinards must likewise be sustained.

## JOE DON BOYD AND THE KINARDS VS. CROSS-DEFENDANT THOMPSON-HAYWARD

We turn now to the appeal of appellants, Joe Don Boyd and the Kinards, asserting that the trial court erred in sustaining the plea of privilege of Thompson-Hayward Chemical Company.

This branch of the litigation commenced when Boyd and the Kinards each filed a cross-action against the chemical company seeking contribution and indemnity. Both Boyd and the Kinards based their cross-actions against the chemical company upon (1) negligence, (2) breach of an express or implied warranty, and (3) the commission of a crime or trespass in Cochran County. In response to the cross-actions, the chemical company duly filed its plea of privilege to be sued in Dallas County, the county of its residence. Both Boyd and the Kinards filed controverting affidavits in which they collectively alleged that venue was maintainable in Cochran County under Sections 9, 9a, 23, 27 and 29a of Article 1995.

The record shows without dispute that neither the chemical company nor any of its agents, servants or employees were in Cochran County at the time of the spraying operations or had anything to do with it. While the record shows that appellee, chemical company, was a foreign corporation, there is no proof showing that it had an agent or representative in Cochran County. The evidence shows that appellant Boyd purchased the herbicide from a merchant in Lubbock County, and same was subsequently picked up and delivered to the Kinard farm in Cochran County by Gaylord Kinard. It was in three fifty-five gallon con-

tainers. Each container had a label attached thereto stating that the contents were "non-volatile". Other portions of the label read as follows:

### "CAUTION

"Under no circumstances should this herbicide product or any 2, 4–D or 2, 4, 5–T weed killer be used in the vicinity of cotton * * * or other susceptible crops, or severe damage may result. Do not apply on a windy day. Extreme care must be exercised to prevent drifting during application. (course sprays are less likely to drift)"

The label also contained numerous other instructions including those for mixing with water and also stated misuse as to quantity, time or method of applying could cause damage or injury to animals, persons, property or crops.

Appellant Boyd admitted that he was an experienced pilot with extensive experience in spraying crops. He testified that he had used the 2–4–D herbicide on previous occasions manufactured by the Thompson-Hayward Chemical Company. He admitted reading the provisions of the label stating that under no circumstances should the herbicide be used in the vicinity of cotton and extreme caution was to be exercised to prevent drifting during application. He also admitted that he knew that the herbicide would be likely to drift on a windy day. He testified that about a week prior to the spraying operation he mixed the herbicide according to the instructions and conducted a test-run and concluded that as a result of the tests the spraying could be done safely. He testified, however, that upon each of the three separate days in which he conducted the actual spraying operation, he had to stop because he felt that the wind was getting too high and would cause the spray to drift. He admitted that he had no anemometer or other device on his plane to measure wind and was simply going by his opinion as to when the wind direction was wrong or the velocity was too strong to spray safely.

The Kinard appellants admitted that they knew that the herbicide would drift and would kill cotton and that they discussed this with Boyd before spraying.

Boyd testified that he properly mixed the herbicide and properly applied it, and that in his opinion if the spray drifted on the plaintiffs' cotton crop it was because it was volatile, causing it to be carried by the wind and not fall to the ground as it should.

By separate briefs each appellant has brought forward numerous points of error contending that the trial court erred in refusing to hold venue in Cochran County under one or more of the foregoing exceptions. It would unduly lengthen this opinion to discuss each point briefed by each appellant separately; consequently, we will attempt to combine the points and discuss them collectively as they relate to each exception to the venue statute in their numerical order.

First, with respect to exception 9, appellants contend that the court erred in refusing to maintain venue in Cochran County because the evidence shows as a matter of law that the chemical company violated the provision of 7 U.S. Code Annotated, Section 135–135K. In general, the statute makes it a misdemeanor to place a false label on a herbicide or in failing to place a label thereon warning of the danger involved in the use thereof or failing to give adequate instructions for its safe use.

■ In order to come under exception 9, appellants had the burden of proving that the crime was committed in Cochran County. Compton v. Elliott, 126 Tex. 232, 88 S. W.2d 91; Holt v. City of Lubbock, 390 S.W.2d 500, (Tex.Civ.App., Eastland, 1965, n. w. h.). The record is devoid of any evidence that the chemical company sold or caused the herbicide to be delivered in Cochran County nor is there any evidence showing that the company ever committed any act in Cochran County. Moreover, there is no evidence showing that the chemical company committed an intentional or willful wrong, as distinguished from neg-

ligence per se, in labeling the containers. McKinney v. Moon, 173 S.W.2d 217, (Tex. Civ.App., Eastland, 1943); Benson v. Haney, 381 S.W.2d 138, (Tex.Civ.App., Eastland, 1964, n. w. h.). In the absence of such proof venue could not be maintained in Cochran County under this exception.

Next appellants assert that the court erred in refusing to maintain venue on their cross-actions in Cochran County under exception 9a providing in part, as follows:

"A suit based upon negligence per se, negligence at common law or any form of negligence, active or passive may be brought in the county where the act or omission of negligence occurred. * * *"

Recognizing that a lack of privity of contract would prevent them from asserting negligence against the chemical company in supplying the herbicide, the Kinard appellants alleged that the herbicide was inherently dangerous and also that it was defective. Based upon this premise they sought to establish a cause of action against the chemical company for negligence in failing to give adequate directions for the use of the herbicide and in failing to warn of the danger involved. Appellant Boyd alleged that the chemical company was guilty of negligence occurring in Cochran County in failing to give adequate instructions for the use thereof; in failing to test the herbicide for drift, and in failing to warn him of the dangers involved in the use thereof.

Whether the herbicide was inherently dangerous or not, both the Kinards and Boyd had the burden of proving that some act or omission of negligence occurred in Cochran County which was a proximate cause of their loss. Leonard v. Abbott, Tex., 366 S.W.2d 925; McDonald Texas Civil Practice, Sec. 4.17.2, pages 476–480. Thus the ultimate issue, whether the substance was inherently dangerous or not, is whether appellants established a cause of action for negligence in Cochran County. Consequently, we will first direct our attention to whether appellants have established negligence.

Appellants argue that the term "non-volatile", appearing on the label constitutes a representation that the material absolutely would not drift. Hence they say that since there is evidence showing that it did drift, the company was negligent in failing to warn of the distance the material would be likely to drift, and was negligent in failing to place a label thereon adequately instructing as to safety precautions in the use of the material. They further argue that the chemical company was negligent in failing to test the material for drift. Since the label did carry some warning, we have concluded that the adequacy of the warning is a question of fact. Pfizer and Co., Inc. v. Branch, 365 S.W.2d 832, (Tex.Civ.App., Eastland, 1963, dism.); Muncy v. Magnolia Chemical Co., 437 S.W.2d 15, (Tex.Civ. App., Amarillo, 1968, writ ref. n. r. e.). For the same reason we believe that the adequacy of the directions for the proper use as well as the question of failure to test the material also constitute questions of fact. We further believe that under the record before us, the question of caution was a fact question.

 Since the label carried a warning and some instructions for its use, and since there was testimony showing that the company had made tests for drift, there was at least some evidence to support the judgment. At most, the evidence upon the question of negligence and proximate cause was conflicting. In the absence of findings of fact and conclusions of law, the rule is well settled that the judgment of the trial court will not be set aside if there is any evidence of a probative nature to support it and that the appellate court cannot substitute its findings of fact for those of the trial court. Cavanaugh v. Davis, 149 Tex. 573, 235 S.W. 2d 972; Stone v. Whitt, 259 S.W.2d 923, (Tex.Civ.App., Waco, 1953, n. w. h.). To disturb the judgment appellants had the burden of showing negligence and proximate cause had been conclusively established. In our opinion they failed to meet

this burden. It follows, therefore, if no act or omission of negligence proximately causing appellants' loss occurred in Cochran County, no cause of action for negligence or any part thereof "arose" or "accrued" in that county under exception 9a, 23 or 27 of the venue statute.

Appellants next contend that venue was maintainable in Cochran County under exceptions 23 and 27 because the chemical company breached both an express and implied warranty in Cochran County. In substance exceptions 23 and 27 provide as follows:

23. Suits against a private corporation may be brought in the county in which the cause of action or a part thereof arose.

27. Foreign corporations doing business in this state may be sued in any county where the cause of action or a part thereof accrued.

Here again appellants argue that by labeling the herbicide "non-volatile", the company expressly warranted that it absolutely would not drift, and since there is evidence that it did drift, the company breached its express warranty. The only evidence of the technical meaning of the term "non-volatile" was supplied by the officials of the chemical company. According to the company definition, the term does not mean that there would be no drift whatever, but that the term means that the material was less likely to drift or to volatilize.

The question of whether a provision of a contract constitutes a warranty depends upon the intention of the parties, as disclosed by a consideration of the entire contract, in the light of all of the attending circumstances, and is a question of law for the court where the contract is in writing and free from ambiguity. Perkins & Smith v. Perkins & Stiff (1925) 114 Tex. 496, 272 S.W. 126. The term "non-volatile", when considered along with other statements on the label warning against drift, creates an ambiguity. Under these circumstances, the question of whether the term "non-volatile" constitutes a warranty was for the trier of the fact. There is ample evidence to sustain the implied finding that by the use of the term "non-volatile" the company did not warrant that the substance absolutely would not drift.

Moreover, we think the chemical company effectively disclaimed any warranty by the following statement appearing on the label, to-wit:

"NOTICE

"Thompson-Hayward Chemical Co. makes no warranty, express or implied, concerning this material, except that it conforms to the chemical description on the label."

Appellants admit having read the label containing the warranty. They make no contention that the herbicide did not conform to the chemical description as set forth thereon. Where the seller's contract contains an express warranty, and also contains a disclaim of any other warranty, as here, and the buyer has knowledge thereof, such written stipulation constitutes the exclusive measure of the rights of the parties to such contract. Eastern Seed Co. vs. Pyle, 191 S.W.2d 708, (Tex.Civ.App., San Antonio, 1945, affirmed); 145 Tex. 385, 198 S.W.2d 562, (1946); 77 C.J.S. Sales § 312c, p. 1150–1153.

There is no evidence that the herbicide was defective or that it was not fit for the purposes for which it was sold. Aside from the question of the lack of privity of contract as it relates to the Kinard appellants, we hold that the evidence fails to conclusively establish a cause of action for breach of either an express or implied warranty.

Finally appellants contend that venue of their cross-action against the chemical company was maintainable in Cochran County

under exception 29a. This section of the venue statute provides as follows:

"29a. Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

In this connection it must be remembered that although the plaintiffs by an amended petition, asserted a cause of action for negligence against the chemical company and subsequently controverted the company's plea of privilege, yet the plaintiffs did not appeal from the order transferring the case against the chemical company to Dallas County. Consequently the chemical company was no longer a necessary party to plaintiffs' suit. Under these circumstances the cross-actions of both appellants, Boyd and the Kinards, for contribution and indemnity are each distinct and severable from the controversy involved in the plaintiffs' suit against the chemical company and the main defendants. Consequently, their cross-actions against the chemical company must be treated as independent suits, and the venue thereof must be tested on the merits of their cross-actions, independently of the venue of plaintiffs' suit. Union Bus Lines v. Byrd, 142 Tex. 257, 177 S.W.2d 774; Sanders v. Select Insurance Company, 406 S.W.2d 937, (Tex.Civ.App., Dallas, 1966, n. w. h.); 13 Tex.Jur.2d, Contribution, Sec. 20, p. 708, Rule 38 T.R.C.P. When each of the appellants' cross-action asserted against the chemical company is tested independently of the plaintiffs' suit, it becomes apparent, as we have attempted to demonstrate herein, that neither cross-action can be maintained in Cochran County because neither Boyd nor the Kinards were able to establish that a cause of action or any part thereof arose or accrued in Cochran County under any of the exceptions relied on by them.

Sanders v. Select Insurance Company, supra. To disturb the implied finding that they had failed to establish a cause of action against the chemical company in Cochran County, appellants had the burden of showing that a cause of action had been conclusively established. We think they failed to meet this burden. Exception 29a would, of course, not be applicable because as to both cross-actions there is only one defendant. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900.

The fact that it would be more convenient to try the controversy among all parties in a single suit and thereby prevent a multiplicity of suits does not alter the requirement that if appellants are to maintain their suits against the chemical company in Cochran County, they must establish a right to do so under some exception to Article 1995.

The judgment of the trial court is affirmed.