Raymond EMRICK, et al., Appellants,

v.

Lee C. BURKETT, Appellee.

No. 10–82–195–CV.

Court of Appeals of Texas, Waco.

March 10, 1983.

Bob Burleson, Keitha Wilson, Bowmer, Courtney, Burleson & Pemberton, Temple, for appellants.

Mac L. Bennett, Jr., Bennett & Bennett, Normangee, Michael Thomas, Martin & Thomas, Mexia, for appellee.

OPINION

McDONALD, Chief Justice.

This is a venue case involving subdivision 9a, Article 1995, VATS. Plaintiff Burkett sued Defendants Chuck Emrick and Raymond Emrick in Leon County alleging Chuck Emrick negligently collided into the rear end of a tractor driven by Plaintiff, a resident of Leon County; and that Raymond Emrick negligently entrusted his motor vehicle to Chuck Emrick. The collision occurred 50 feet from the west end of a bridge over the Navasota River. The center of the river was the boundary line between Leon County, lying east, and Robertson County, lying west.

Defendants filed pleas of privilege to be sued in Bell County, the county of their

**710**

residences. After hearing the trial court overruled the Defendants' pleas of privilege. Defendants appeal, contending the trial court erred in overruling their pleas because:

1) there is no evidence or insufficient evidence of any negligent act or omission of Defendant Chuck Emrick in Leon County;

2) there is no evidence that Defendant Raymond Emrick was negligent in permitting his son to use the automobile.

In passing on the Appellants' no evidence point we must consider only the evidence most favorable to the judgment and disregard that which is contrary. *Boyd v. Thompson-Hayward Chemical Company,* 450 S.W.2d 937, (Tex.Civ.App. Tyler 1970) error dismissed.

When viewed in the light most favorable to the judgment, the evidence shows that the road where the accident occurred was flat; there were no visionary obstructions on or near the road on the Leon County side; no motor vehicle blocked Defendant's car from the tractor and the Defendant Chuck Emrick testified that he first saw the tractor when he was 30 yards from it.

Under subdivision 9a, Article 1995, the county where the negligent act or omission occurs rather than the county where the damage occurs, is where suit is maintainable. *Leonard v. Abbott,* 366 S.W.2d 925 (Tex.1963).

We believe the evidence and inferences arising therefrom authorized the trial court to find that the negligent act of failing to keep a proper lookout took place in Leon County. And after weighing all of the evidence, we believe the judgment is not against the overwhelming weight and preponderance of the evidence. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (Tex.1951). Contention 1 is overruled.

Contention 2 is there is no evidence that Defendant Raymond Emrick was negligent in permitting his son to use the car. There is no evidence to show a cause of action of negligent entrustment. Contention 2 is sustained.

The suit against Raymond Emrick is severed and the trial court's order overruling his plea of privilege is reversed and rendered transferring the suit to Bell County. The order overruling Defendant Chuck Emrick's plea of privilege is affirmed.

Costs of appeal taxed one-half against Chuck Emrick and one-half against Appellee.

AFFIRMED IN PART, REVERSED AND RENDERED IN PART.